GEORGE WARREN et al., Copartners Trading under the Name of PAN-AMERICAN DISTRIBUTORS Co., Respondents, v. CHEMICAL BANK & TRUST COMPANY, Appellant.

*Per Curiam.* Defendant is not attempting to modify the terms of the letter of credit in violation of the parol evidence rule. It merely seeks to establish that the assignment relied upon by plaintiffs is no longer of any force or effect. The challenged defense pleads that the assignment to plaintiffs was given as collateral for Glogowski's obligation to share his profits, if any, with them and that the obligation was discharged by Glogowski's failure to realize a profit on the transaction. Although the assignment on its face is absolute in form it may be shown by parol evidence to have been intended as security only. (*Marsh* v. *McNair*, 99 N. Y. 174; *Despard* v. *Walbridge*, 15 N. Y. 374.) The defense, if established, will be a complete bar to the action since the effectiveness of the assignment ended with the termination of the obligation which it was given to secure.

The order appealed from should accordingly be reversed, with $20. costs and disbursements to the appellant, and the motion to strike out the second defense as insufficient in law denied.

PECK, P. J., and VAN VOORHIS, J. (dissenting). It seems to us that if the defense is to be made it should be made by the real party in interest, Glogowski. He is not a party to this proceeding. Any litigation of the issue should include Glogowski in order that the determination may be a binding adjudication on those concerned. The defendant has no interest in the controversy and no right to maintain it. The defense was properly stricken, and the order should be affirmed.

Glennon, Dore and Cohn, JJ., concur in *Per Curiam* opinion; Peck, P. J., and Van Voorhis, J., dissent in opinion.

Order reversed, with $20 costs and disbursements to the appellant, and the motion denied. [See *post,* p. 823.]