Joseph J. Cella, J.
Plaintiff moves to dismiss three separate offsets and counterclaims labeled as separate affirmative defenses and counterclaims in defendants’ answer.
On or about June 13, 1961 defendants purchased an air-conditioning system from American Air Conditioning, and executed a conditional sales contract for its purchase. In conjunction therewith defendants executed a note as evidence of the total indebtedness. Both instruments provided for monthly payments and at the time of the execution of the instruments defendants were aware that the sales contract and note were to be assigned to plaintiff. Thereafter the instruments were so assigned. A down payment as well as several monthly payments were made by the defendants to plaintiff. Upon defendants’ subsequent default plaintiff instituted this action to recover the balance due under the contract and note. The separate defenses and counterclaims as alleged in defendants’ answer in effect arise from breach of warranties and guarantees by the seller who is plaintiff’s assignor.
The question of law involved is whether the defenses and counterclaims are available to the defendants as against the plaintiff assignee of the conditional sales contract and note.
The contract provides as follows: “ Purchaser agrees that the obligations of purchaser hereunder to the intended assignee shall be immediate and absolute and unaffected by any default or obligation of the Seller arising out of the sale of the Property and agrees not to interpose any resulting claim against Seller as a defense, offset or counterclaim in any litigation with the intended assignee with respect to this contract, the Property or repossession thereof but to look solely to Seller for satisfaction thereof. Purchaser also waives the right to interpose any counterclaim or offset of any nature or description against the *17 intended assignee ”. The note contains the following provision: 1 ‘ Undersigned waives a trial by jury and the right to interpose any counterclaim or offset of any nature and description in any litigation between the undersigned and the holder with respect to this note or any security therefor.”
Williston, Contracts (Rev. ed., vol. 2, § 432) states: “But the assignee of a non-negotiable chose in action, or of a negotiable note payable to order, assigned otherwise than by indorsement though he buys it for value, and in good faith, takes it subject to all defenses which the obligor may have had against the assignor, unless the debtor by the form of the instrument intrusted to the assignor or otherwise has estopped himself to set up a defense, or has given an absolute promise to pay the assignee in substitution for the assigned obligation. This principle is applicable not simply to defenses like non-performance, fraud, duress, mistake, covenants not to sue, which relate to the assigned obligation itself, but also to rights of set-off, or counterclaim arising out of separate matters which the obligor might have asserted against his original creditor, the assignor.”
Thus, while the general rule is that an assignee acquires no greater rights than his assignor, this is subject to the qualification that the debtor may by his representations or conduct estop himself to set up against the assignee defenses which were available to him against the assignor (6 C. J. S., Assignments, p. 1166). Here we have specific agreements in the form above stated, not to assert counterclaims or offsets as against the assignee.
The defendants argue that there were other agreements or writings between the defendants and the assignor which should be considered as part and parcel of the conditional sales contract since these agreements were breached by the assignor.
Where a contract of conditional sale is complete on its face and purports to contain the entire contract between the parties, an assignee thereof is not liable to the conditional buyer for a subsequent breach of some independent agreement which, though relating to the goods sold, is not a part of the contract assigned by the seller, provided, of course, the assignee takes the assignment in good faith without an intent to defeat any of the rights of the buyer (Eager, Chattel Mortgages and Conditional Sales, § 395 citing National City Bank v. Prospect Syndicate, 170 Misc. 611). In the instant case there has been no showing of bad faith on the part of the plaintiff (Glens Falls Nat. Bank & Trust Co. v. Sansivere, 136 N. Y. S. 2d 672).
There is no question that the particular provisions of the sales contract and note, as above set forth were intended for the pro *18 tection of the bank which was to be the assignee of the instruments. The defendants were aware, at the time of the execution of the instruments that plaintiff would advance the funds for the installation. “ If effect were not given to these provisions, it would be impossible for banks to finance such installment purchases ” (National City Bank v. Prospect Syndicate, supra, p. 617; President and Directors of Manhattan Co. v. Monogram Associates, 87 N. Y. S. 2d 753, mod. 276 App. Div. 766).
Accordingly, the motion is granted.