OPINION OF THE COURT
Raymond E. Aldrich, Jr., J.
The motion of petitioner captioned as a CPLR article 78 proceeding seeks to proceed pro se and that Robert Dana, an inmate law clerk, be appointed as his spokesman or advocate with respect to this proceeding in the place of his designated attorney at law duly admitted to practice law under our judicial system, is denied as the court is unaware of any authority which permits a lay person to appear on another person’s behalf and to act as his attorney in a court of law *881 unless admitted to so practice. Under the statutes of this State, only those persons permitted by law to practice before the courts of this State may act as a legal representative of another person in a courtroom proceeding or fulfill the capacity of a practicing attorney.
The court further observes that the motion to relieve the court-appointed attorney has not been served upon him, although even if petitioner or Robert Dana had done so, the relief would be denied.
If petitioner wishes to proceed pro se he may do so, and he will not be denied that right, but he cannot have Robert Dana act as his attorney or in any capacity other than as a witness or an advisor out of court for no person may practice law without being first admitted to the Bar.
Pursuant to the provisions of sections 478 and 484 of the Judiciary Law, only persons admitted to practice before the courts of this State (with certain enumerated exceptions not applicable herein) may do so, the Legislature acknowledging that those who receive legal assistance must obtain same from those who have had adequate training and experience to fully inform them of the intricacies of the legal circumstances confronting them. Violation of that proscription is punishable as a misdemeanor (Judiciary Law, § 485).
Were this a criminal proceeding, the court also notes that while petitioner may have a constitutional right to defend himself pro se should he elect to do the same (e.g., People v McIntyre, 36 NY2d 10), said right to pro se representation in a criminal proceeding does not carry with it the right to request the designation as a representative in court of a person not admitted to practice before the courts of the jurisdiction under which the proceeding had been commenced (e.g., United States v Wright, 568 F2d 142; Turner v American Bar Assn., 407 F Supp 451; United States v Hinderman, 528 F2d 100).
While the court is not fully aware of the qualifications of Mr. Dana, there is no indication or representation made to the court that he is an attorney duly admitted to practice before the courts. Given the nature of his job title within the institution, it appears that his capacity is one that is comparable to a librarian whose responsibility is to assist individuals in their own research while utilizing facilities in the prison law library.
For the foregoing reasons, the motion is denied.
*882 The court further recommends that the Board of Parole and the superintendents of the State correctional institutions inform each inmate law clerk under their jurisdiction to advise any inmate seeking his assistance that he cannot appear in a legal proceeding as his spokesman or advocate for he would thus be practicing law without admission to the Bar by the Appellate Division.