OPINION OF THE COURT
Robert C. Williams, J.
Petitioner brings this proceeding by order to show cause which contains a stay preventing the respondents from shutting off the water to a house located on Sullivan Street in the Village of Wurtsboro.
Petitioner seeks to have certain Village ordinances declared null and void because they were illegally adopted. Accordingly, this matter is incorrectly denominated a proceeding. Since a summons was served with the order to show cause and petition/complaint, the court concludes that the matter is really a declaratory judgment action pursuant to CPLR article 30. The court will consider this as a motion for a preliminary injunction.
Apparently, petitioner is not the owner of the house which is at the center of this controversy. Rather, he has been given a power of attorney by the owners. Accordingly, the court may conclude that Stokes has standing to maintain this action on behalf of the owners (see, e.g., Matter of St. Francis Hosp. v D’Elia, 71 AD2d 110, 116).
Although not presented to the court, the power of attorney is on file with the county clerk’s office. That office confirms that the statutory short form power of attorney on record permits Stokes to act for the owners in real estate transactions, banking transactions, business operating transactions, insurance transactions and claims and litigation.
*695 Section 5-1502H of the General Obligations Law sets forth how a court should construe the statutory short form power of attorney with respect to claims and litigation. The powers are broad and sweeping, permitting Stokes to assert and to prosecute before any court, any cause of action, claim or defense which the principal claims to have against a government, and in connection with any proceeding, to perform any act which the principal might perform. Subdivision 6 of that section permits the attorney in fact to accept service of process and to appear for the principal as well as execute stipulations and to verify pleadings. The attorney in fact has the power to hire, fire and pay an attorney.
This court concludes, however, that the attorney in fact may not represent the principal as legal counsel in a court of record.
Sections 478 and 484 of the Judiciary Law preclude a person from appearing as an attorney at law for a person other than himself in any court of record unless that person has been licensed and admitted to the practice of law.
The judiciary, as well as attorneys, must be mindful of the potential problems created by the unauthorized practice of law. “The prohibition against the practice of law by a layman is grounded in the need of the public for integrity and competence of those who undertake to render legal services. Because of the fiduciary and personal character of the lawyer-client relationship and the inherently complex nature of our legal system, the public can better be assured of the requisite responsibility and competence if the practice of law is confined to those who are subject to the requirements and regulations imposed upon members of the legal profession.” (Code of Professional Responsibility, EC 3-1.)
To construe a power of attorney so as to permit a nonattorney to appear and represent a principal in a court of record would be to permit the licensing and admission requirements to be circumvented. Such a result would be violative of public policy.
Accordingly, the court concludes that a power of attorney construed in accordance with section 5-1501 et seq. of the *696 General Obligations Law does not give a nonattorney the authority to practice law in a court of record on behalf of his principal.
The stay granted in the order to show cause is vacated and the action is dismissed without prejudice.