OPINION OF THE COURT
Bertram R. Gelfand, J.
Petitioner, pro se, in his status as attorney in fact for his mother, has instituted a proceeding seeking to compel the production of a will. Petitioner personally has no status in the estate of decedent.
Decedent died on May 5, 1984. Based upon a probate petition filed on July 2, 1984, an instrument dated March 27, 1982 was duly admitted to probate by the entry of a decree dated July 13, 1984. Petitioner’s principal is decedent’s sister. She was not his distributee inasmuch as the decedent was survived by two grandchildren. Under the instrument already admitted to probate, the grandchildren are the primary beneficiaries. Decedent’s sister receives a $1,000 legacy. There are several other legacies, including bequests to infants and charitable organizations.
Petitioner alleges that there is a testamentary instrument prior in date to the will admitted to probate under which petitioner believes his principal receives a greater legacy and that such prior instrument is in the possession of the coexecutor who is the respondent in the instant proceeding.
As a consequence of the greater legacy to his mother in the prior instrument, petitioner intends to institute a further proceeding seeking to vacate the probate decree entered July Í3, 1984, and in the event such application be granted, to file *345 objections on behalf of his principal to the probate of the instrument which formed the basis for that decree.
The statutory short-form power of attorney which was executed by petitioner’s principal permits petitioner, as agent, to act for his principal in a wide gamut of transactions. With respect to “claims and litigation” and “estate transactions”, the statutory short-form power of attorney is broad and sweeping (see General Obligations Law, §§ 5-1502H, 5-1502G). Subdivision 10 of both of the above sections, in addition to all of the specific powers enumerated therein, also confers upon the agent the power “to do any other act or acts, which the principal can do through an agent”. Among such powers are the power to hire, discharge, and compensate any attorney or other assistants when the agent thinks such action to be desirable for the proper execution by him of the powers described in the foregoing sections.
However, notwithstanding the broad sweep of these powers, no authority has been presented which would permit a lay person by virtue of his capacity as attorney in fact for his principal to appear on his principal’s behalf and act as legal counsel in a court of law unless admitted to so practice. Under the applicable statutes of this State, only those persons duly admitted to practice before the courts of this State may act as a legal representative of another person in a court proceeding or in the further capacity of a practicing attorney (see Judiciary Law, §§478, 484). The seriousness with which the Legislature views this requirement is manifest since a violation of the statutory proscription is punishable as a misdemeanor (Judiciary Law, § 485). Moreover, the potential problems created by the use of this device as a means of encouraging the unauthorized practice of law is obvious. (See Code of Professional Responsibility, EC 3-1). Of course, if petitioner’s principal wishes to proceed pro se, she may do so. However, she cannot use a power of attorney as a device to license a layman to act as her attorney in a court of record. To sanction this course would effectively circumvent the stringent licensing requirements of attorneys by conferring upon lay persons the same right to represent others by the use of powers of attorney.
It is concluded that petitioner’s capacity as attorney in fact does not give him, as a layman, the authority to proceed pro se on behalf of his principal in the instant proceeding (see Matter of Stokes v Village of Wurtsboro, 123 Misc 2d 694; see, also, Matter of Maldonado v New York State Bd. of Parole, 102 Misc 2d 880). *346 As a matter of law, petitioner does not have the status to obtain the relief he seeks. Additionally, the court cannot sanction a course which constitutes the illegal practice of law without a license. Accordingly, the petition is dismissed on the court’s own motion.