OPINION OF THE COURT
Ira B. Harkavy, J.
Claimant Judah Dick has instituted this action in Small Claims Court in the name of Judah Dick as attorney-in-fact for claimant Hannah Freund.
Defendant Citibank orally moves to strike claimant’s action *564 on the ground that CCA 1809 bars claims instituted by assignees in this court.
CCA 1809 bars claims by corporations, partnerships, assignees and insurance companies in Small Claims Court. The relevant portion of the Act reads: "no assignee of any small claim shall institute an action or proceeding under this article”. (CCA 1809 [1].)
The facts herein are as follows: In 1966, claimant’s husband purchased five money orders worth $500 each from defendant. He made out the money orders to claimant, and took them back to Israel where he resided.
Claimant alleges that following her husband’s death in 1988, she negotiated the five money orders to a third party. All of the checks were dishonored with two originals being destroyed in the processing.
Citibank notified Mr. Dick that $1,500 had been sent to the State Comptroller in 1976 and $1,000 was not remitted because payment had allegedly been stopped or paid. Claimant alleges Citibank had no records as to the reason(s), if any, that the funds were not remitted to Albany.
The first issue before this court is whether Judah Dick is an assignee of claimant, and is therefore barred by CCA 1809 from instituting the present action.
The second issue before this court is whether an attorney-in-fact may institute suit on behalf of a principal in Small Claims Court.
This court finds that Mr. Dick is not an assignee of claimant and is therefore not barred from pursuing this action on those grounds.
This court further finds that an attorney-at-law duly admitted to practice as a lawyer in New York State can commence a proceeding in his client’s name with a client’s permission even if the lawyer does not have a formal power of attorney.
An assignment in law is a transfer or setting over of property or of some right or interest therein, from one person to another. It is properly the transfer of one’s whole interest in an estate or chattel or other thing unless in some way qualified. (Griffey v New York Cent. Ins. Co., 100 NY 417 [1885].)
An assignor is a person who assigns a right, whether or not he/she is the original owner thereof, and an assignee is a person to whom the right is assigned, that is, the one to whom *565 an assignment is made. The term "assignee” embraces those to whom rights have been transmitted, whether by sale, gift, devise or conveyance (Watson v Donnelly, 28 Barb 653, 658 [1859]).
Generally, an unqualified assignment transfers to the assignee all of the rights, title and interest thereto possessed by the assignor (Meeder v Provident Sav. Life Assur. Socy., 171 NY 432 [1902]; Chemical Bank N. Y. Trust Co. v Blane’s Inc., 39 Misc 2d 15 [City Ct, NY County 1962]), and the assignor has no remaining power over or interest in the subject matter of the assignment (Matter of Thompson, 36 Misc 2d 638 [Sur Ct, Nassau County 1962]), unless the assignment is for security only. (Warren v Chemical Bank & Trust Co, 274 App Div 785 [1st Dept 1948].)
In the case at hand, claimant gave Mr. Dick a "power of attorney.” The term "power of attorney” commonly means an instrument by which the authority of one person to act in place and stead of another as attorney-in-fact is set forth. An "attorney-in-fact” is one who holds authority from a principal either for some particular purpose or to do a particular act not of a legal character. (Matter of Katz, 152 Misc 757 [Sur Ct, Kings County 1934].) The primary purpose of a written power of attorney is not to define the authority of the agent as between himself and his principal, but to evidence the authority of the agent to third parties with whom the agent deals. (Matter of Anyon, 137 Misc 582, 585 [Sur Ct, NY County 1930].)
An attorney-in-fact is the alter ego of the principal. General Obligations Law §§ 5-1502A through 5-1502K clearly show that the intent of the Legislature is to grant attorneys-in-fact broad authority to litigate on behalf of their principals. Sections 5-1501 and 5-1502A through 5-1502K of the General Obligations Law allow an attorney-in-fact to act on behalf of principal. The powers enumerated in section 5-1502H allow a person with a power of attorney to prosecute before any court, any cause of action, claim or defense which the principal claims to have against a government and in connection with any proceeding in which the principal might perform. (Matter of Stokes v Village of Wurtsboro, 123 Misc 2d 694 [Sup Ct, Sullivan County 1984].)
Some cases have held, however, that a nonattorney cannot commence an action pursuant to power of attorney. (Gilman v Kipp, 136 Misc 2d 860 [Syracuse City Ct 1987]; Matter of *566 Stokes v Village of Wurtsboro, supra; Estate of Friedman, 126 Misc 2d 344 [Sur Ct, Bronx County 1984]; Matter of Maldonado v New York State Bd. of Parole, 102 Misc 2d 880 [Sup Ct, Dutchess County 1979].)
We do not have to deal with this question here since Mr. Dick, the attorney-in-fact, is also an attorney-at-law and may commence a proceeding in this court with his client’s permission even without power of attorney.
Accordingly, defendant’s motion to dismiss the complaint on the ground that the action was commenced by an assignee is denied.
The clerk of the court is directed to amend the title of this action to conform to the fact that it is actually an action by Hannah Freund. The title of the action is amended to read:
"Hannah Freund,
Claimant
vs.
Citibank,
Defendant.”