**Ray CHRISTIANSEN, Appellant,**

v.

**Lester MELINDA, and Alaska State Court System, Appellees.**

**No. S–5007.**

Supreme Court of Alaska.

Aug. 13, 1993.

Ray Christiansen, pro se.

Gail T. Voigtlander, Asst. Atty. Gen., Anchorage, Charles E. Cole, Atty. Gen., Juneau, for appellees.

Before MOORE, C.J., and RABINOWITZ, BURKE, MATTHEWS and COMPTON, JJ.

*OPINION*

MATTHEWS, Justice.

In this case we must decide whether an agent authorized to act on his principal's behalf under a power of attorney may file and prosecute a civil action pro se in his principal's stead. We hold that he may not.

**I**

James C. Sanders executed a statutory form power of attorney that appointed Ray Christiansen attorney-in-fact authorized to act on Sanders' behalf in all matters relating to an apartment complex owned by Sanders.[1] On March 26, 1991, pursuant to

---

1. The statutory form is set forth in AS 13.26.332. The power of attorney signed by Sanders in favor of Christiansen is not in the record. We assume that it granted Christiansen "claims and litigation" powers as set forth in provision (I) in the statutory form.

his authority as attorney-in-fact, Christiansen attempted to file a small claims action on behalf of Sanders. Lester Melinda, Deputy Clerk of the Court, refused Christiansen's filing on the ground that a power of attorney does not authorize an agent to bring suit pro se on behalf of the principal. Albert Szal, the Area Court Administrator, later informed Christiansen that the court system will not accept small claims suits filed on the authority of a power of attorney.

On October 25, 1991, Christiansen filed suit against Melinda and the Alaska Court System under AS 13.26.353(c) to recover damages for their wrongful failure "to honor a properly executed statutory form power of attorney." Melinda and the court system moved to dismiss Christiansen's action for failure to state a claim upon which relief can be granted. *See* Alaska R.Civ.P. 12(b)(6). The superior court granted the motion and dismissed Christiansen's complaint with prejudice. Christiansen appeals.

## II

◼ Christiansen brought suit against Melinda and the court system under AS 13.26.353(c):

A third party shall honor the terms of a properly executed statutory form power of attorney. A third party who fails to honor a properly executed statutory form power of attorney may be liable in a civil action to the principal, the attorney-in-fact, or the principal's heirs, assigns, or estate for a civil penalty not to exceed $1,000, plus the actual damages, costs, and fees associated with the failure to comply with the statutory form

**2.** This court reviews de novo an order dismissing a complaint for failure to state a claim. *Kollodge v. State,* 757 P.2d 1024, 1026 n. 4 (Alaska 1988). In doing so we
only consider the material contained in the pleadings in a motion to dismiss for failure to state a claim. "If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient." [We] "must presume all factual allegations of the complaint to be true and [make] all reasonable inferences ... in favor of the non-moving party."

power of attorney. The civil action shall be the exclusive remedy at law for damages.

For Christiansen to have stated a claim under AS 13.26.353(c), the power of attorney must have entitled him to litigate pro se in Sanders' place. If not, Melinda was justified in refusing to file Christiansen's small claims action and, consequently, Christiansen did not state a claim upon which relief can be granted under AS 13.-26.353(c).[2]

This case, then, reduces to a single issue of law: whether an agent authorized to act for a principal under a statutory form power of attorney may bring suit as a pro se litigant in the principal's stead. We address this issue in two parts. First, is the unlicensed, in-court representation of another considered "engag[ing] in the practice of law" and, thus, prohibited by Alaska's statute proscribing the unlicensed "practice of law"? Second, if so, does the statutory power of attorney overcome that prohibition?

## A

Alaska Statute 08.08.210(a) provides: "A person may not engage in the *practice of law* in the state unless the person is licensed to practice law in Alaska and is an active member of the Alaska Bar." (Emphasis added.) Subsection (b) states that the "practice of law shall be defined in the Alaska Bar Rules." The Bar Rules, however, only define "practice of law" for purposes of the criminal offense of unlicensed practice. Alaska Bar R. 63.[3] Thus, the definition of "practice of law" for non-criminal purposes is currently left to case law.[4]

*Id.* at 1026 (quoting *Linck v. Barokas & Martin,* 667 P.2d 171, 173 (Alaska 1983) and 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 12.07, at 12–63 (1986)) (citations omitted) (alterations in original).

**3.** AS 08.08.230(a) makes the unlicensed practice of law a misdemeanor.

**4.** Although the definition in Bar Rule 63 literally applies only to the criminal offense of the unlicensed practice of law, that rule also necessarily defines the conduct that, at a minimum, constitutes the unlicensed practice of law for

■ We have twice addressed the definition of "practice of law" in deciding whether a suspended attorney had impermissibly practiced law while on suspension. *Burrell v. Disciplinary Bd. of the Alaska Bar Ass'n*, 777 P.2d 1140, 1142–43 (Alaska 1989); *In re Robson*, 575 P.2d 771, 779–81 (Alaska 1978). In each case we refused "to give a specific definition of the term 'practice of law' " because "[t]he practice of law may well be used in a different sense for various purposes." *Robson*, 575 P.2d at 781.[5] Whatever the precise nuances of that definition may be for different "purposes," in-court representation of another—a paradigmatic function of the attorney-at-law—falls within that definition. *See State, ex rel. Stephan v. Williams*, 246 Kan. 681, 793 P.2d 234, 242 (1990); *Oregon Peaceworks Green v. Secretary of State*, 311 Or. 267, 810 P.2d 836, 837 (1991); *Washington State Bar Ass'n v. Great Western Union Fed. Sav. & Loan Ass'n*, 91 Wash.2d 48, 586 P.2d 870, 875 (1978); *see also* 7 Am.Jur.2d *Attorneys at Law* § 1 (1980) ("practice of law ... embraces the preparation of pleadings and other papers incident to actions and special proceedings, the management of such actions and proceedings on behalf of clients before judges and courts"); *see also* Alaska R.Civ.P. 81(a)(1) ("only attorneys who are members of the Alaska Bar Association shall be entitled to practice in the courts of this state").

**B**

■ Since we hold that unlicensed, in-court representation of another falls within the prohibition of AS 08.08.210(a), we turn to the question whether a statutory power of attorney removes the agent from the operation of the statute. Christiansen argues as follows: (1) the durable power of attorney authorizes the agent to act for his principal as if the agent was the principal; (2) the principal could represent himself pro

se; and therefore (3) the agent can litigate pro se for the principal.

Christiansen's argument draws support from AS 13.26.344, which gives detailed meaning to the powers granted in the statutory form. Relevant to the "claims and litigation" power, subsection (i) provides:

In a statutory form power of attorney, the language conferring general authority with respect to claims and litigation shall be construed to mean that ... the principal authorizes the agent to

(1) assert and prosecute before any court ... a cause of action, claim, counterclaim, offset, or defense that the principal has ...;

(2) bring an action to determine adverse claims, intervene or interplead in an action or proceeding, and act in litigation as amicus curiae;

(3) in connection with any legal action, apply for and, if possible, procure preliminary, provisional, or intermediate relief, and resort to and use any available procedure to obtain and satisfy a judgment, order, or decree;

(4) in connection with any legal action, perform an act that the principal might perform, including by way of illustration and not of restriction, acceptance of tender, offer of judgment, admission of facts, submission of a controversy on an agreed statement of facts, consent to examination before trial, and generally bind the principal in the conduct of any litigation or controversy that the agent considers desirable;

(5) submit to arbitration, settle, and propose or accept a compromise with respect to a claim ... or litigation ...;

(6) waive the issuance and service of process upon the principal, accept service of process, appear for the principal, designate persons upon whom process di-

---

non-criminal purposes. In other words, the "unlicensed practice of law" in the civil context at least encompasses the conduct proscribed in Bar Rule 63. This is necessarily so because the civil law may not permit conduct which the criminal law prohibits.

**5.** For example, *Robson* states that "practice of law" should be defined more broadly for a suspended attorney "because of prior recognition as an attorney, such a person must be particularly prudent in avoiding the appearance of holding himself out as a lawyer." *Robson*, 575 P.2d at 781.

rected to the principal may be served, execute and file or deliver stipulations on the principal's behalf, verify pleadings, [and proceed on appeal];

(7) appear for, represent, and act for the principal with respect to bankruptcy or insolvency proceedings whether of the principal or of some other person ...;

(8) hire, discharge, and compensate an attorney, accountant, expert witness, or assistant when the agent reasonably believes the action to be desirable for the proper execution of any of the powers described in this subsection;

(9) [pay and receive judgments or settlements achieved as a result of exercising a power under this subsection]; and

(10) do any other act or acts that the principal can do through an agent in connection with a claim by or against the principal or with litigation to which the principal is or may become or be designated a party.

AS 13.26.344(i). Several of these powers—especially those in subsections (1) and (4)—can be construed to confer on the agent the authority to litigate pro se in the principal's place. It is on these provisions that Christiansen must rely to support his claim against Melinda and the court system.

The state points out the flaw in Christiansen's argument. Subsection (i)(10) authorizes the agent to "do any *other* act or acts *that the principal can do through an agent* in connection with a claim by or against the principal or with litigation to which the principal is or may become or be designated a party." AS 13.26.344(i)(10) (emphasis added). Use of the word "other" suggests that the acts enumerated in subsections (1) through (9) are similarly limited by the phrase "that the principal can do through an agent." For this reason, we read the entirety of AS 13.26.344(i) as authorizing only those actions, enumerated or otherwise, that "the principal can do through an agent."

Under our reading of AS 13.26.344(i), that provision defines the agent's authority against the backdrop of existing law. The relevant background law in this case is AS 08.08.210(a). Under that provision, a principal can engage "an agent" to practice law on his behalf only if that agent is a licensed attorney and a member of the state bar. Thus, the practice of law is not something "that the principal can do through an agent" unless that agent is an attorney-at-law. A New York court reached the same conclusion in interpreting virtually identical language in the New York power of attorney statute. In *Estate of Friedman*, 126 Misc.2d 344, 482 N.Y.S.2d 686 (1984), the court concluded that:

notwithstanding the broad sweep of the[ ] powers [granted the agent under the statutory power of attorney], no authority has been presented which would permit a lay person by virtue of his capacity as attorney-in-fact for his principal to appear on his principal's behalf and act as legal counsel in a court of law unless admitted to so practice. Under the applicable statutes of this state, only those persons duly admitted to practice before the courts of this state may act as a legal representative of another person in a court proceeding or in the further capacity of a practicing attorney.

*Id.*, 482 N.Y.S.2d at 687 (citations omitted); *see also Gilman v. Kipp*, 136 Misc.2d 860, 519 N.Y.S.2d 314 (1987); *Stokes v. Village of Wurstboro*, 123 Misc.2d 694, 474 N.Y.S.2d 660, 661 (1984) ("attorney in fact may not represent the principal as legal counsel in a court of record").

Furthermore, under Christiansen's argument, a mere power of attorney would enable *any* person to practice law in Alaska. This interpretation would effectively abrogate AS 08.08.210(a)'s prohibition against the unlicensed practice of law.[6] As *Friedman* recognized:

[T]he potential problems created by the use of [the power of attorney] as a means of encouraging the unauthorized

---

**6.** Christiansen's argument would also effectively abrogate Alaska Civil Rule 81(a) which limits

"practice" in Alaska courts to licensed attorneys.

practice of law are obvious. Of course, if [the] principal wishes to proceed pro se, she may do so. However, she cannot use a power of attorney as a device to license a layman to act as her attorney in a court of record. To sanction this course would effectively circumvent the stringent licensing requirements of attorneys by conferring upon lay persons the same right to represent others by the use of powers of attorney.

*Friedman,* 482 N.Y.S.2d at 687 (citations omitted).

In rejecting Christiansen's interpretation of section .344(i), we necessarily limit the scope of the powers enumerated in that section. Restricted by the prohibition on the unlicensed practice of law, the section .344(i) powers are best characterized as authorizing the agent to act *as* the client in an attorney-client relationship. Section .344(i) authorizes the agent to make decisions and undertake acts that are the traditional province of a client. For example, the decisions whether to prosecute, defend, settle, or arbitrate a claim belong to the client, *not* the attorney. Similarly, the decision whether to waive service of process or admit disputed facts lie within the control of the client. The agent, then, while lacking authority to litigate pro se in his principal's place, creates and controls the attorney-client relationship as fully as if he were the principal.[7]

Reading AS 13.26.344(i) to incorporate background law achieves the additional benefit of harmonizing the various statutes involved. *Cf. In re Estate of Hutchinson,* 577 P.2d 1074, 1075 (Alaska 1978). Specifically, we avoid a conflict between the enumerated powers in section .344(i) and the prohibition on the unlicensed practice of law in AS 08.08.210(a). While this goal should not be pursued in the face of plain statutory meaning to the contrary, it is an appropriate consideration in cases, such as this, where reasonable competing interpretations exist.

---

**III**

 A statutory power of attorney does not entitle an agent to appear pro se in his principal's place. For this reason, Melinda and the court system were justified in their refusal to file Christiansen's small claims action and, thus, did not violate AS 13.26.-353(c). We AFFIRM the superior court's dismissal for failure to state a claim.

---

7. The agent, of course, may *personally* engage in all activities authorized under section .344(i) that do not constitute the unauthorized practice of law.