■ LILLIAN WHITEHEAD, Respondent, v TOWN HOUSE EQUITIES, LTD., et al., Defendants, and THOMAS HANSARD et al., Appellants. [777 NYS2d 917]—

Motion by the appellants on appeals from two orders of the Supreme Court, Kings County, both dated November 21, 2002, inter alia, to strike the respondent's brief on the ground that Arona J. Petersen, as attorney-in-fact for the respondent, Lillian Whitehead, cannot appear pro se for her. By decision and order of this Court dated July 23, 2003, that branch of the motion which was to strike the respondent's brief on the ground that Arona J. Petersen, as attorney-in-fact for the respondent, Lillian Whitehead, cannot appear pro se for her, was referred to the Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the branch of the motion which is to strike the respondent's brief is granted, and the respondent's brief is stricken.

A person not licensed to practice law in the State of New York pursuant to the Judiciary Law may not appear pro se in court on behalf of a litigant as an attorney-in-fact pursuant to a power of attorney. A person who does so has unlawfully engaged in the unauthorized practice of law.

General Obligations Law § 5-1502A (10), which permits an attorney-in-fact to prosecute or defend an action arising from a real estate transaction on behalf of his or her principal, only applies to the decision to prosecute or defend, not to representation as an attorney-at-law. Thus, it cannot be read to displace the provisions of Judiciary Law § 478, which, with certain exceptions not relevant here, make it unlawful for anyone other than a person who has been admitted to practice law in New York and has taken the requisite oath, to appear in the courts of record of this state as an attorney-at-law (*see Richstone v Bell Atl.*, 2001 NY Slip Op 40313[U]; *Gilman v Kipp*, 136 Misc 2d 860, 862 [1987]; *Matter of Friedman*, 126 Misc 2d 344 [1984]; *Matter of Stokes v Village of Wurtsboro*, 123 Misc 2d 694 [1984]; *cf. Matter of Schulz v New York State Dept. of Envtl. Conservation*, 186 AD2d 941, 942 n [1992]; *Blunt v Northern Oneida County Landfill [NOCO]*, 145 AD2d 913, 914 [1988]; *Dick v Citibank*, 145 Misc 2d 563 [1989]; *Matter of Maldonado v New York State*

*Bd. of Parole*, 102 Misc 2d 880 [1979]). To permit otherwise would compromise the integrity of the practice of law in New York by permitting persons to evade the training, examination, licensing, ethical, and disciplinary requirements applicable to attorneys-at-law (*see* Judiciary Law §§ 460, 466, 467; 22 NYCRR 691.1 *et seq.*).

Moreover, General Obligations Law § 5-1502A (10) does not remove from the judicial branch the right to determine who may appear and practice before the courts, and under what conditions, since it would unconstitutionally violate the separation of powers between the legislature and the judiciary (*see* NY Const, art VI, § 1 [a]; § 28; *McKoan v Devries*, 3 Barb 196, 200 [1848]; *see also Bennion, Van Camp, Hagen & Ruhl v Kassler Escrow, Inc.*, 96 Wash 2d 443, 451-453, 635 P2d 730, 735-736 [1981]).

The appropriate sanction for the unauthorized practice of law committed in this instance is the striking of the respondent's brief (*see Gilman v Kipp, supra*; *Matter of Friedman, supra*; *Matter of Stokes v Village of Wurtsboro, supra*). Prudenti, P.J., Krausman, Townes and Spolzino, JJ., concur.