OPINION OF THE COURT
William R. LaMarca, J.
*793 The court is in receipt of numerous memos and correspondence from the parties and counsel with respect to the propriety of plaintiff, Raymond M. Smolenski, an attorney, representing his wife, plaintiff Deborah L. Smolenski, in the above-captioned action.
Plaintiff, Deborah L. Smolenski, alleges that she was injured when she slipped and fell in the parking lot of the T.G.I. Friday’s restaurant located in Westbury, New York. Her husband, Raymond M. Smolenski, asserts a derivative claim for loss of consortium. Counsel for defendant states that each plaintiff has appeared pro se in the action but only Mr. Smolenski has appeared in court at various court conferences. It is defendant’s position that, despite Mrs. Smolenski having given a power of attorney to her husband to appear on her behalf, Mr. Smolenski’s “representation” of his wife violates the lawyer-witness rule of Code of Professional Responsibility DR 5-102 (22 NYCRR 1200.21), and should not be permitted.
While there is agreement that Mr. Smolenski is entitled to appear pro se for himself, it appears to be Mr. Smolenski’s position that, because his wife has given him a power of attorney to act on her behalf, he may appear for his wife as well. Indeed, he states that “I am allowed to appear for my wife, as her husband who is also an attorney at law. I am authorized and allowed to prosecute this claim against Friday’s,” citing Zaubler v Picone (100 AD2d 620 [2d Dept 1984]) and Dick v Citibank (145 Misc 2d 563 [Civ Ct, Kings County 1989]).
Defendant argues that Mrs. Smolenski must appear in court as a pro se plaintiff because pro se plaintiff, Mr. Smolenski, may only appear for himself. Moreover, defendant contends that Mr. Smolenski’s representation of his wife violates the lawyer-witness rule, DR 5-102 (a) (22 NYCRR 1200.21 [a]), which directs as follows:
“A lawyer shall not act, or accept employment that contemplates the lawyers acting, as an advocate on issues of fact before any tribunal if the lawyer knows or it is obvious that the lawyer ought to be called as a witness on a significant issue on behalf of the client.”
Counsel for defendant states that Mr. Smolenski was present when his wife tripped and fell and is a witness to the accident as well as to her condition and treatment in that he took her to her medical appointments and tended to her care. He urges that the mandatory withdrawal rule of DR 2-110 (b) (2) (22 NYCRR *794 1200.15 [b] [2]) applies to Mr. Smolenski and that his refusal to withdraw as his wife’s attorney represents a second and separate violation of the Disciplinary Rules.
While counsel for defendant urges that Mr. Smolenski should be disqualified from representing his wife, Mr. Smolenski argues that the Code of Professional Responsibility provides guidance but is not binding authority and that his attorney/witness status and interest in the case is identical to that of his wife and that there is no basis for disqualification, citing Stuart v WMHT Educ. Telecom. (195 AD2d 918 [3d Dept 1993]).
Initially, the court notes that Mrs. Smolenski has not retained her husband to represent her and he has not filed an answer nor formally appeared on her behalf. Rather, the court is faced with a pro se plaintiff who wishes to appear on behalf of his pro se wife by virtue of a power of attorney naming the husband as the wife’s attorney-in-fact. After a careful reading of the submissions herein, the court concludes that there is no basis on which to permit such an appearance.
“New York law prohibits the practice of law in this state on behalf of anyone other than himself or herself by a person who is not an admitted member of the bar, regardless of the authority purportedly conferred by execution of a power of attorney (Judiciary Law §§ 478, 484; New York Criminal & Civ. Cts. Bar Assn. v Jacoby, 61 NY2d 130, 136]).” (People ex rel. Field v Cronshaw, 138 AD2d 765, 765-766 [2d Dept 1988], appeal dismissed 72 NY2d 872 [1988].)
While, in the case at bar, Mr. Smolenski is a member of the bar, if he intends to represent his wife, he is subject to all of the rules and regulations promulgated with respect to the practice of law in the State of New York, including the need for a written retainer. (See 22 NYCRR part 1215.) However, while Mr. Smolenski’s status as a party to the action on a derivative claim and as the husband of Mrs. Smolenski suggests an identity of interest, the court is troubled by the prospect of Mr. Smolenski being called as a fact witness, testifying and being cross-examined, and at the same time representing Mrs. Smolenski as her attorney in the case.
“The reasons for the prohibition against the ‘lawyer as witness’ provision of the Code are described in Simon’s Code of Professional Responsibility Annotated (Professor Roy Simon, 2004 Edition at 579). As set forth, the rule avoids several potential effects *795 on the trier of fact, which are inevitable when the advocate becomes a fact witness, including either discounting or bolstering the lawyer’s testimony. The rule also avoids any potential conflict between the attorney and his client resulting from the lawyer’s desire to place himself in the best light and the ‘unseemly sight of arguing to a judge or jury about his own credibility The prohibition prevents any unfairness arising from the lawyer presenting his case twice to the trier of fact, through his client and later through his own testimony. Finally the regulation avoids the evident practical awkwardness of bringing in a new advocate to question the lawyer-witness.” (Richard L. v Flora L., 6 Misc 3d 1014[A], 2005 NY Slip Op 50044[U], *4 [Sup Ct, Suffolk County 2005].)
Whether or not to disqualify an attorney is a matter which rests in the sound discretion of the court. (Gulino v Gulino, 35 AD3d 812 [2d Dept 2006].)
Based on the foregoing, it is hereby ordered, sua sponte, that plaintiff, Raymond M. Smolensk!, is prohibited from appearing as counsel for plaintiff, Deborah L. Smolensk!, either as an attorney or as an attorney-in-fact; and it is further ordered that, at the next conference, previously scheduled for March 14, 2007 and now adjourned to March 15, 2007 at 9:30 a.m., Deborah L. Smolensk! shall appear to represent herself, pro se, or through other counsel of her choosing.