■ SALT AIRE TRADING LLC et al., Appellants, v SIDLEY AUSTIN BROWN & WOOD, LLP, et al., Defendants, and KATTEN MUCHIN ROSENMAN LLP, Respondent. [940 NYS2d 222]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered April 8, 2011, which granted the motion of defendant Katten Muchin Rosenman LLP for summary judgment dismissing the complaint as to it with prejudice, unanimously modified, on the law, to grant the motion for summary judgment without prejudice as to the first and second causes of action asserted by plaintiffs other than Salt Aire Investment Trust, and otherwise affirmed, without costs.

This action was commenced by filing a summons with notice, which was signed on behalf of the entity plaintiffs and Joelle Kelly by two lawyers in Washington State who were not admitted to practice law in the State of New York. The lawyers also affixed the signature of plaintiff Brian Kelly, designating him as a pro se plaintiff who had given permission for them to sign on his behalf. In response to defendant Katten's demand for a

complaint, those lawyers provided an unsigned complaint, adding Salt Aire Investment Trust as a plaintiff. That complaint was promptly rejected by Katten, which expressed concern that the Washington lawyers appeared to be engaging in unauthorized practice of law. Subsequently, plaintiffs served a complaint signed by a New York lawyer. After unsuccessfully moving to dismiss the complaint on various grounds, Katten answered, asserting that the summons with notice was a nullity because it was not signed by an attorney properly admitted to practice law in the State of New York and, accordingly, plaintiffs had not properly commenced an action against it. Katten then moved for summary judgment dismissing the complaint on that ground, and on the grounds, inter alia, that all claims were time-barred.

In signing the pleading, the two out-of-state lawyers acted in violation of Judiciary Law § 478, which makes it unlawful for a person to appear as an attorney in this State without having been licensed and having taken the constitutional oath (*see Whitehead v Town House Equities, Ltd.*, 8 AD3d 369, 370 [2004]). In addition, the pleading was not signed by an attorney or by a party acting pro se as required by 22 NYCRR 130-1.1a, and plaintiffs did not promptly correct the defect after defendant objected.

Although plaintiff Brian Kelly had a right to represent himself, generally an individual who exercises the right to act pro se cannot then appear through an attorney-in-fact or other person not authorized to practice law (*see Powerserve Intl., Inc. v Lavi*, 239 F3d 508, 514 [2001]; *Whitehead* at 370). Further, in opposition to the motion for summary judgment, he submitted an unsworn affidavit which, even if considered, fails to demonstrate that he authorized the signing of the summons with notice, leaving unchallenged defendant's assertion that the pleading was signed in that manner to circumvent the rule prohibiting the unauthorized practice of law.

Although defendant did not reject the pleading or raise the issue in its initial moving papers due to the defect in the signature, the court properly determined that the defect could not be waived by defendant or by application of CPLR 2101 (f), since it involves violation of the law by attorneys practicing before the court without a license (*see Empire HealthChoice Assur., Inc. v Lester*, 81 AD3d 570 [2011]; *see generally Whitehead*, 8 AD3d at 370-371). The proper remedy for violation by an attorney of a provision of the Judiciary Law is to strike the pleading "without prejudice" (*see Kinder Morgan Energy Partners, LP v Ace Am. Ins. Co.*, 51 AD3d 580 [2008]; *Neal v Energy Transp. Group*, 296 AD2d 339 [2002]; *see* CPLR 205 [a]).

The claims brought by Salt Aire Trust and the third, fifth and seventh causes of action, were properly dismissed with prejudice. Concur—Saxe, J.P., Sweeny, Renwick, DeGrasse and Richter, JJ.