Discover Bank v Gilliam (2021 NY Slip Op 05949)





Discover Bank v Gilliam


2021 NY Slip Op 05949


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2018-02062
 (Index No. 6315/17)

[*1]Discover Bank, respondent,
v
Laura Gilliam, appellant.


Laura A. Gilliam, sued herein as Laura Gilliam, Warwick, NY, appellant pro se.
Kirschenbaum & Phillips, P.C., Farmingdale, NY (Love Ahuja of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover on an account stated, the defendant appeals from an order of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated January 22, 2018. The order granted the plaintiff's motion for summary judgment on the complaint and, sua sponte, struck the defendant's answer, her opposition to the plaintiff's motion for summary judgment, and her cross motion, among other things, in effect, for summary judgment dismissing the complaint.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, struck the defendant's answer, her opposition to the plaintiff's motion for summary judgment, and her cross motion, inter alia, in effect, for summary judgment dismissing the complaint, is deemed to be an application for leave to appeal from that portion of the order (see CPLR 5701[c]), and leave to appeal is granted; and it is further,
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting the plaintiff's motion for summary judgment on the complaint; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, to provide the defendant with an opportunity to serve and file an answer, opposition to the plaintiff's motion, and papers in support of her cross motion which do not violate Judiciary Law § 478, and thereafter for further proceedings, including a new determination of the plaintiff's motion for summary judgment on the complaint.
The plaintiff commenced this action, inter alia, to recover on an account stated, alleging that the defendant failed to pay sums due on her credit card account. Following service of the summons and complaint, the defendant's husband, James W. Gilliam II (hereinafter Gilliam), purportedly in his capacity as the defendant's attorney-in-fact by short form power of attorney, in accordance with New York General Obligations Law §§ 5-1502A-N, filed with the court an answer and certain cross claims on behalf of the defendant. Thereafter, the plaintiff moved for summary judgment on the complaint. The defendant, again purportedly represented by Gilliam, opposed the plaintiff's motion and cross-moved, among other things, in effect, for summary judgment dismissing the complaint. In an order dated January 22, 2018, the Supreme Court, sua sponte, struck the defendant's answer, opposition to the plaintiff's motion, and cross motion, and granted the plaintiff's motion for summary judgment on the complaint. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court properly determined that [*2]Gilliam's submissions to the court violated Judiciary Law § 478 (see Whitehead v Town House Equities, Ltd., 8 AD3d 369, 370-371). "New York law prohibits the practice of law in this State on behalf of anyone other than himself or herself by a person who is not an admitted member of the Bar, regardless of the authority purportedly conferred by execution of a power of attorney" (People ex rel. Field on Behalf of Field v Cronshaw, 138 AD2d 765, 765). The designation as an attorney-in-fact under General Obligations Law §§ 5-1502A-N does not confer upon a designated agent the right to provide representation as an attorney-at-law, and "cannot be read to displace the provisions of Judiciary Law § 478" (Whitehead v Town House Equities, Ltd., 8 AD3d at 370). Nor do any of the exceptions to Judiciary Law § 478 apply, notwithstanding Gilliam's claim to be pursuing a law degree (see Judiciary Law § 478[2], [3]). Further, Gilliam's marriage to the defendant did not permit him to appear pro se on her behalf (see People ex rel. Field on Behalf of Field v Cronshaw, 138 AD2d at 765; Smolenski v T.G.I. Friday's, Inc., 15 Misc 3d 792, 794; see also Abraham v American Gardens Co., 189 AD3d 741, 745). Accordingly, the court did not err in striking the defendant's answer, opposition to the plaintiff's motion, and cross motion as an appropriate sanction for the unauthorized practice of law (see Whitehead v Town House Equities, Ltd., 8 AD3d at 371).
However, under the circumstances presented here, the Supreme Court should not have proceeded to adjudicate the plaintiff's motion for summary judgment without first permitting the defendant the opportunity to appear and participate in the action, either pro se, or with appropriate counsel (see generally Arrowhead Capital Fin., Ltd. v Cheyne Specialty Fin. Fund L.P., 32 NY3d 645, 650; Salt Aire Trading LLC v Sidley Austin Brown & Wood, LLP, 93 AD3d 452, 453). Accordingly, we remit the matter to the Supreme Court, Orange County, to provide the defendant with an opportunity to serve and file an answer, opposition to the plaintiff's motion, and papers in support of her cross motion which do not violate Judiciary Law § 478, and thereafter for further proceedings, including a new determination of the plaintiff's motion for summary judgment on the complaint.
The parties' remaining contentions need not be reached in light of our determination.
CHAMBERS, J.P., CONNOLLY, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court