Elfand v Adams (2025 NY Slip Op 06276)

Elfand v Adams

2025 NY Slip Op 06276

Decided on November 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 18, 2025

Before: Kern, J.P., Scarpulla, Friedman, O'Neill Levy, Chan, JJ. 

Index No. 101111/24|Appeal No. 5186|Case No. 2025-03678|

[*1]Jonathan C. Elfand, Plaintiff-Appellant,
v
Eric Adams etc., et al., Defendants-Respondents.

Jonathan C. Elfand, appellant pro se.
Letitia James, Attorney General, New York (Anagha Sundararajan of counsel), for State respondents.
Muriel Goode-Trufant, Corporation Counsel, New York (Geoffrey E. Curfman of counsel), for City respondents.

Order, Supreme Court, New York County (Hasa Kingo, J.), entered on or about November 18, 2024, which granted the City and State defendants' cross-motions to dismiss the complaint and denied plaintiff's motion for injunctive and declaratory relief, unanimously affirmed, without costs.
The court properly dismissed the self-represented individual plaintiff's complaint challenging the constitutionality of provisions of the Cannabis Law authorizing warrantless administrative searches and seizures of businesses engaged in the sale of cannabis. Plaintiff concedes that the claims in the complaint, on their face, are based strictly on allegations of harms suffered by the Elfand Organization LLC d/b/a/Empire Cannabis Clubs, the entity plaintiff owns and through which he operates several unlicensed cannabis distribution centers, and on incidental financial harm suffered by that LLC's employees. However, the individual plaintiff lacks standing to assert these claims on behalf of the LLC and its employees (see Matter of Nieblas-Love v New York City Hous. Auth., 212 AD3d 509, 510 [1st Dept 2023], lv dismissed 40 NY3d 973 [2023]; Salt Aire Trading LLC v Sidley Austin Brown & Wood, LLP, 93 AD3d 452, 453 [1st Dept 2012]).
To avoid this outcome, plaintiff maintains that the sole basis for the declaratory and injunctive relief he seeks is that he was personally detained and had his property seized. However, these contentions were only raised for the first time in opposition to defendants' cross motions. Although allegations asserted in post-complaint affidavits, evidence, and arguments may generally bolster or amplify allegations and claims asserted in a pleading (see Zanani v Sutton Apts. Corp., 193 AD3d 536, 537 [1st Dept 2021]), those materials cannot, by themselves, properly be read into the complaint for the purpose of asserting new claims and establishing standing where the relevant allegations were never included in the complaint (see Cambridge Invs. LLC v Prophecy Asset Mgt., LP, 188 AD3d 521, 521 [1st Dept 2020], lv denied 37 NY3d 906 [2021]). This is so even where, as here, the complaint is one filed by a self-represented plaintiff (see Fawer v Shipkevich PLLC, 213 AD3d 408, 408 [1st Dept 2023]). Accordingly, plaintiff cannot rely on these previously unpled allegations to avoid dismissal. Nor is plaintiff's reliance on a "void-statute" exception to the standing rule availing. To the extent this exception permits facial constitutional challenges to be asserted even by a plaintiff who does not allege an injury-in-fact (see e.g. Matter of Daniel C., 99 AD2d 35, 43 [2d Dept 1984], affd 63 NY2d 927 [1984]), plaintiff fails to show that it is applicable under the circumstances of this case.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2025