Ventus Props., LLC v Mo Chae (2025 NY Slip Op 07429)

Ventus Props., LLC v Mo Chae

2025 NY Slip Op 07429

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2023-11338
 (Index No. 608433/17)

[*1]Ventus Properties, LLC, respondent, 
vMo Chae, etc., appellant, et al., defendants.

Schlissel DeCorpo, LLP, Lynbrook, NY (Elliot S. Schlissel of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Mo Chae appeals from an order of the Supreme Court, Suffolk County (Paul M. Hensley, J.), dated June 21, 2023. The order, after a nonjury trial, directed the entry of judgment on the complaint insofar as asserted against the defendant Mo Chae and appointed a referee to determine, inter alia, the amount due to the plaintiff.
ORDERED that upon this Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial on the issues of the plaintiff's standing and compliance with RPAPL 1304.
The plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Mo Chae (hereinafter the defendant). The matter was subsequently set down for a trial limited to the issues of the plaintiff's standing and compliance with RPAPL 1304. At the trial, the defendant was represented by her husband, John Chae, a nonlawyer who held a power of attorney for the defendant. The Supreme Court did not permit the defendant to testify at the trial due to the fact that her husband held a power of attorney. At the conclusion of the trial, the court found in favor of the plaintiff. By order dated June 21, 2023, the court directed the entry of judgment on the complaint insofar as asserted against the defendant and appointed a referee to determine, inter alia, the amount due to the plaintiff. The defendant appeals.
"'New York law prohibits the practice of law in this State on behalf of anyone other than himself or herself by a person who is not an admitted member of the Bar, regardless of the authority purportedly conferred by execution of a power of attorney'" (Discover Bank v Gilliam, 199 AD3d 645, 646, quoting People ex rel. Field v Cronshaw, 138 AD2d 765, 765; see Matter of Welsh [Commissioner of Labor], 51 AD3d 1351, 1352). "The designation as an attorney-in-fact under General Obligations Law §§ 5-1502A-N does not confer upon a designated agent the right to provide representation as an attorney-at-law, and 'cannot be read to displace the provisions of Judiciary Law § 478'" (Discover Bank v Gilliam, 199 AD3d at 646-647, quoting Whitehead v Town House Equities, Ltd., 8 AD3d 369, 370).
In this case, none of the exceptions to Judiciary Law § 478 apply. Moreover, John [*2]Chae's marriage to the defendant did not permit him to appear pro se on her behalf (see Discover Bank v Gilliam, 199 AD3d at 647). "As a general rule, the fact that a party has been represented by a person who was not authorized or admitted to practice law under the Judiciary Law—whether a disbarred attorney or a person practicing law without a license—does not create a 'nullity' or render all prior proceedings void per se" (Elm Mgt. Corp. v Sprung, 33 AD3d 753, 754; see Stegemann v Rensselaer County Sheriff's Off., 153 AD3d 1053, 1055). Here, however, the record demonstrates that the defendant was prejudiced as a result of being represented by an unauthorized attorney at the trial (see Matter of Lackas, 65 AD2d 800). Further, the Supreme Court erred in precluding the defendant from testifying at the trial (see CPLR 321[a]).
Under the circumstances of this case, the Supreme Court should not have directed the entry of judgment in favor of the plaintiff without permitting the defendant the opportunity to participate in the trial either pro se or with appropriate counsel (see Discover Bank v Gilliam, 199 AD3d at 647). Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a new trial on the issues of the plaintiff's standing and compliance with RPAPL 1304.
BRATHWAITE NELSON, J.P., WOOTEN, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court