U.S. Bank N.A. v Speller

2026 NY Slip Op 02865

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

U.S. Bank National Association, etc., appellant,

v

Michael M. Speller, et al., defendants, Ellen M. Fitzsimmons, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2023-01252, (Index No. 500088/22)

Francesca E. Connolly, J.P.

Valerie Brathwaite Nelson

Barry E. Warhit

Lourdes M. Ventura, JJ.

Friedman Vartolo LLP, Garden City, NY (Stephen J. Vargas of counsel), for appellant.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated December 21, 2022. The order, insofar as appealed from, sua sponte, extended the time for the defendant Ellen M. Fitzsimmons to answer the complaint.

ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, extended the time for the defendant Ellen M. Fitzsimmons to answer the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,

ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.

In July 2005, the defendant Michael M. Speller executed a note in the sum of $330,000, which was secured by a mortgage on certain real property located in Brewster. The mortgage agreement was executed by Speller and his wife, the defendant Ellen M. Fitzsimmons (hereinafter together the defendants).

On January 26, 2022, the plaintiff commenced this action against the defendants, among others, to foreclose the mortgage. Speller, who was not an attorney, interposed an answer with counterclaims on his own behalf and purportedly on behalf of Fitzsimmons.

In September 2022, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. Speller, on his own behalf and purportedly on behalf of Fitzsimmons, opposed the plaintiff's motion. In two orders dated October 26, 2022, the Supreme Court granted the plaintiff's motion. In November 2022, Speller made four separate motions for leave to renew and reargue his opposition and Fitzsimmons's purported opposition to the plaintiff's motion, among other things, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. In an order dated December 21, 2022, the court, inter alia, sua sponte, struck so much of the defendants' answer as was purportedly submitted on behalf of Fitzsimmons, sua sponte, extended the time for Fitzsimmons to answer the complaint, either pro se or by appropriate counsel, and, sua sponte, vacated the October [*2]26, 2022 orders. The plaintiff appeals.

"New York law prohibits the practice of law in this State on behalf of anyone other than himself or herself by a person who is not an admitted member of the Bar" (Discover Bank v Gilliam, 199 AD3d 645, 646 [internal quotation marks omitted]; see Judiciary Law § 478; People ex rel. Field v Cronshaw, 138 AD2d 765, 765). Further, Speller's marriage to Fitzsimmons did not permit him to appear pro se on her behalf (see Discover Bank v Gilliam, 199 AD3d at 647). Accordingly, upon, sua sponte, striking so much of the defendants' answer as was purportedly submitted on behalf of Fitzsimmons, under the circumstances of this case, the Supreme Court properly, sua sponte, provided Fitzsimmons with an opportunity to submit an answer, either on her own behalf or through counsel (see id.; Salt Aire Trading LLC v Sidley Austin Brown & Wood, LLP, 93 AD3d 452, 453; Whitehead v Town House Equities, Ltd., 8 AD3d 369, 371).

The plaintiff's contention that the Supreme Court erred in, sua sponte, vacating the orders dated October 26, 2022, is beyond the scope of the plaintiff's limited notice of appeal from the order dated December 21, 2022, and we decline to exercise our discretion to consider that contention (see McSparron v McSparron, 87 NY2d 275, 282; Manufacturers & Traders Trust Co. v Ahmed, 241 AD3d 1326).

CONNOLLY, J.P., BRATHWAITE NELSON, WARHIT and VENTURA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court