### In the DISCIPLINARY MATTER INVOLVING Homer L. BURRELL, Respondent, DOB: 12/10/25.

#### No. S-6178.

Supreme Court of Alaska.

Oct. 14, 1994.

---

Before MOORE, C.J., RABINOWITZ, MATTHEWS and COMPTON, JJ. and BRYNER, J. pro tem.*

*ORDER REVOKING PROBATION, ADOPTING SPECIAL MASTER'S FINDINGS, AND DENYING RESPONDENT'S MOTION TO DISMISS PETITION TO REVOKE PROBATION*

1. Homer L. Burrell was convicted of criminal contempt by this court on December 20, 1990. He was required to serve a prison term followed by a period of probation. A special condition of his probation provided:

> The period of suspended time on Counts I and II is suspended on the condition that the respondent violate no law of this state nor any Alaska Bar Rule pertaining to his status as an attorney-at-law for a period of three years after the completion of his incarceration on Counts I and II.

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

2. On January 31, 1994, the Alaska Bar Association petitioned to revoke Burrell's probation, which was due to expire on February 14. The petition alleged that Burrell had practiced law while on suspended status, in violation of the terms of his probation and Alaska Bar Rule 15. We appointed District Court Judge Natalie Finn as special master to make factual determinations regarding the Bar Association's allegations.

3. On July 7 Burrell moved to dismiss the Bar Association's petition, contending that Bar Rule 15 violated his constitutional rights to equal protection of law, due process of law, and freedom of association. Without ruling on these legal issues, Judge Finn found that Burrell had violated his probation.

4. On August 24 this court issued an order under which the parties had ten days within which to serve and file written objections to the special master's findings of fact and conclusions of law. The order also provided that this court, rather than the special master, would rule on Burrell's motion to dismiss the petition to revoke probation, and that either party could request oral argument concerning the master's findings of fact and conclusions of law or the motion to dismiss the petition to revoke probation. Burrell has filed objections to the master's report. Neither party has requested oral argument.

■ 5. We adopt the special master's findings of fact and conclusions of law and set them forth here (deleting some of the procedural discussion set forth in the master's decision):

Burrell was convicted by order of the Supreme Court on December 20, 1990, and was placed on probation for three years following his incarceration which was scheduled to begin on February 1, 1991. The "Special Condition" imposed, which this [Petition to Revoke Probation] alleges that Burrell violated, states that

"The period of suspended time on Counts I and II is suspended on the condition that the respondent violate no law of this state nor any Alaska Bar Rule pertaining to his status as an attorney-at-law for a period of three years

after the completion of his incarceration on Counts I and II."

The documents attached to the [Petition to Revoke Probation] demonstrate that Burrell's status as of December 20, 1990, was apparently "disability inactive status", which was the status imposed on him by the Supreme Court as of June 15, 1990 and which status was never altered before December 20, 1990.

This court heard fairly brief testimony by one witness. The remainder of the evidence consists of documents that were submitted by stipulation between the parties. The court makes the following findings of fact:

*Regarding Count I:*

The exhibits submitted in support of this count reflect that Burrell wrote a letter on January 28, 1991 (Exh. 1), and then appeared before an Alaska State Commission for Human Rights hearing officer on January 29 and 30, 1991 (Exh.'s 3, 4 and 5), on behalf of Engine and Gear Works, Inc. (EGWI), apparently in his capacity as "Director and Vice President" (Exh. 2) of the corporation. Those activities apparently took place before Burrell's probation went into effect. However, on February 26, 1991, Burrell submitted on behalf of EGWI a post-hearing brief (Exh. 6) to the Commission for Human Rights, then on March 31, 1991 submitted an affidavit (Exh. 7) to the Commission, and then on May 18, 1992 wrote a letter (Exh. 8) apparently regarding EGWI (designated in the letter as Engine and Gear Co., Inc) to Assistant Attorney General Nancy Gordon on "Burrell Consulting" letterhead. All of these activities occurred following the date when Burrell was placed on probation with the special condition set forth above.

*Regarding Count II:*

The evidence submitted in support of this count is contained in Exh. 9, which is a letter dated August 2, 1991, on behalf of "a long-time close friend" on "Law Offices of Homer Burrell" letterhead with "Law Offices of" literally X'd out with typewriter X's. This letter appears to be a demand letter on behalf of the friend, it apparently follows the friend's earlier unsuccessful let-

ter on her own behalf, it threatens suit if the demand is not met, and but for the X'd out "Law Offices of", it appears to be the type of letter an attorney would write on a client's behalf.

*Regarding Count III:*

Burrell filed a small claims complaint on April 26, 1991 (Exh. 10) and then appeared in court (Exh. 12 and 13) on September 5, 1991, apparently in his capacity as an officer of the corporation EGWI (Exh 11), which is permitted by District Court Civil Rule 15. The exhibits show that he asked questions of witnesses, the same type of questions that would be asked if Burrell were EGWI's attorney. But for the designation of Burrell as an officer of EGWI, his actions appear to be those of an attorney.

*Regarding Count IV:*

Burrell wrote two letters in October, 1991, on behalf of Taylored Construction Services, Inc., in which he characterized his role with Taylored Construction as "vice-president". Those two letters are written on "Law Offices of Homer Burrell" stationery with the "Law Offices of" portion partially marked out with a thick pen or marker, but still clearly visible (Exh.'s 14 and 16). The first letter by Burrell (Exh. 14) refers to a letter that Taylored apparently wrote earlier, evidently without Burrell's assistance, to attorney Davison, and refers to attorney Davison's response to Taylored. That exchange apparently having failed to accomplish Taylored's objective, Exhibits 14 and 16 represent Burrell's attempt to accomplish the same goal on behalf of Taylored. Since Taylored failed to accomplish its goal without the intervention of Burrell, the court finds that Burrell's letters on behalf of Taylored are in the capacity of an attorney and not an officer, as Burrell urges.

*Regarding Count V:*

This count apparently involves Burrell's attempt to appear on July 29, 1992 as "an officer" of EGWI in a civil matter in court before Judge Fuld on behalf of EGWI, a corporation. (Exh. 18) AS 22.20.040 prohibits a corporation from appearing without an attorney in a civil proceeding (other than a small claim, as was previously mentioned). Despite Judge Fuld's clear direction to Burrell to stop because of both the statutory requirement and concerns about Burrell's status as an attorney (see Judge Fuld's statement on page 4 of Exh. 18 that "I think you are just flagrantly violating the ban on your practicing law"), Burrell continued to attempt to act on behalf of EGWI, attempting to challenge Judge Fuld for cause, asking Judge Fuld to refer the matter to another judge after the challenge for cause had been rejected, and by later apparently attempting to "assign" in writing within the same case EGWI's cause of action to Richard Hogan (Exh. 19). Given the prohibition against a corporation appearing without counsel, Burrell's appearance and behavior in court and signature on the purported assignment clearly demonstrate that he was acting in the capacity of an attorney.

*Regarding Count VI:*

The allegation in this count is that Burrell gave advice to litigant Patrick Bliss during the course of his divorce, and that Bliss paid Burrell for his services. While those facts appear to be supported by the testimony, this court is unable to tell from the testimony of Patrick Bliss when that advice was given. Although the court could surmise from extrinsic information (such as the year when the divorce action was apparently filed) that that advice may have been given during the period of probation, neither the stipulated facts nor the testimony of Patrick Bliss supports such a finding. There being no facts presented to support a finding that advice was given while Burrell was on probation, the court does not find that Burrell violated the conditions of his probation as to this count.

The claim in the [Petition to Revoke Probation] is that Burrell acted in violation of Alaska Bar Rule 15(b)(1), which defines that practice of law as follows:

(ii) representing another before a court or governmental body which is operating in its adjudicative capacity, including the submission of pleadings; or

(iii) providing advice or preparing documents for another which affect legal rights or duties.

Counts II and IV, each standing alone, clearly demonstrate by a preponderance of the evidence that Burrell violated Alaska Bar Rule 15(b)(1)(iii) by writing letters as if he were an attorney on behalf of each client, his claim of being an officer of Taylored notwithstanding. This court finds that writing letters in the manner that these letters were written covering the subject matter that they address on the stationery that was used demonstrate that Burrell was providing advice or preparing documents for another which affect legal rights or duties.

Counts I, III and V, all of which relate to Burrell's involvement with EGWI, demonstrate by a preponderance of the evidence that Burrell violated Alaska Bar Rule 15(b)(1)(ii) by representing another before a court or governmental body operating in its adjudicative capacity, and, in count I, violated (iii) by writing the letter to Nancy Gordon. Despite Burrell's argument that he acted in the capacity of an officer of EGWI, the court considers his behavior in the exhibits supporting Count V to demonstrate exactly what his intent was, which was to represent a corporation in court or before a hearing officer as an attorney without a license to do so. The court considers Burrell's designation as an officer of EGWI and his claim that he was an officer of Taylored corporation to be an attempt to circumvent the prohibition against his practicing law.

. . . .

In summary, this court finds that Respondent Homer Burrell violated the conditions of his probation/parole as to Counts I–V, and that good cause exists for revoking probation.

6. We now address the claims raised in Burrell's motion to dismiss petition to revoke probation.

## A. *Equal Protection*

■ Burrell claims that nonlawyers may represent corporations as officers of the corporations before the State Commission for Human Rights, in district court small claims proceedings, and in district court civil proceedings. He claims that denying him the right to represent corporations of which he is an officer, merely because he is a suspended attorney, amounts to a denial of equal protection of the law under the Fourteenth Amendment to the Constitution of the United States and under the Equal Rights Clause of Article I, Section 1 of the Constitution of Alaska. Concerning proceedings before the Alaska State Commission for Human Rights and non-small claim proceedings in district court, the premise for Burrell's argument is mistaken. Alaska Statute 22.20.040 provides in part:

(a) An action or proceeding may be prosecuted or defended by a party in person or by attorney. However,

. . . .

(2) a corporation, either public or private, shall appear by an attorney in all cases unless an exception to the corporation's appearance by an attorney has been explicitly made by law.

This statute governs all state court and state agency proceedings. Contrary to Burrell's contention, no provision of the Alaska Administrative Code contains an explicit exception to the rule that a corporation must appear by an attorney.[1] Further, no such exception appears in the Alaska rules pertaining to non-small claim matters in district court. Thus, as to Counts I and V (as well as to Counts II and IV which do not involve court or administrative appearances), the premise

---

1. 6 AAC 30.440(b) provides:

The parties may attend the [Human Rights Commission] hearing in person or by counsel, may present oral testimony or other evidence, and may examine and cross-examine witnesses.

This regulation is not an explicit exception to the statutory requirement that corporations must appear through counsel, as the regulation does not mention corporations and it is unclear as to whether the term "in person" applies to corporations. Assuming, arguendo, that the regulation is an explicit exception, the discussion *infra* at 1261–62, pertaining to District Court Rule of Civil Procedure 15(a) relating to Count III would also apply to Regulation 6 AAC 30.440(b) relating to Count I.

for Burrell's equal protection argument does not apply.

 The premise does exist, however, pertaining to Count III, which involved Burrell's appearance in small claims court as an officer of the corporate plaintiff. District Court Rule of Civil Procedure 15(a) permits corporations to be represented by officers or employees notwithstanding the provisions of AS 22.20.040. It is our view, however, that it is necessary to prohibit suspended attorneys from appearing in court as corporate officers in order to prevent circumvention of the prohibition against the practice of law by suspended attorneys.[2] Thus, the classification as between suspended attorneys and other corporate officers has a fair and substantial relation to a legitimate governmental objective and is not in violation of the equal protection rights granted by the federal and state constitutions. *See Commercial Fisheries Entry Comm'n v. Apokedak,* 606 P.2d 1255, 1264 (Alaska 1980) (fair and substantial relationship standard used to evaluate claim that classification deprived litigant of right to fish commercially). We thus reject Burrell's equal protection claim as to Count III.

### B. *Due Process*

 Burrell next argues that the words "representing another" and "practice of law" in Bar Rule 15 are unconstitutionally void for vagueness because they did not give him fair notice as to what conduct he had to avoid.

Alaska Bar Rule 15(b) provides as follows:

(1) For purposes of the practice of law prohibition for disbarred and suspended attorneys in subparagraph (a)(7) of this rule, except for attorneys suspended solely for non-payment of bar fees, "practice of law" is defined as:

(i) holding oneself out as an attorney or lawyer authorized to practice law;

(ii) representing another before a court or governmental body which is operating in its adjudicative capacity, including the submission of pleadings; or

(iii) providing advice or preparing documents for another which affect legal rights or duties.

(2) For purposes of the practice of law prohibition for attorneys suspended solely for the non-payment of fees and for inactive attorneys, "practice of law" is defined as it is in subparagraph (b)(1) of this rule, except that these persons may represent another to the extent that a layperson would be allowed to do so.

In our view, the term "practice of law" is clearly defined in Bar Rule 15(b)(1) and (2). Further, it is our view that the term "representing another" used in (b)(1)(ii) and the term "represent another" used in (b)(2) are self-explanatory and require no additional definition. *See Christiansen v. Melinda,* 857 P.2d 345, 347 (Alaska 1993) ("[w]hatever the precise nuances of [the definition of 'practice of law'] may be for different 'purposes,' in-court representation of another—a paradigmatic function of the attorney-at-law—falls within that definition"); *Burrell v. Disciplinary Bd.,* 777 P.2d 1140, 1143 (Alaska 1989) (preparing letter for client stating that civil action would be filed in the future included within "the practice of law" as applied to suspended attorney); *In re Robson,* 575 P.2d 771, 781 (Alaska 1978) (various acts of suspended attorney held to be practice of law).

### C. *First Amendment—Freedom of Association.*

 Burrell's final argument is that, because his applications to resign from the

---

**2.** In *Matter of Robson,* 575 P.2d 771, 781 (Alaska 1978), we recognized that a suspended attorney might be barred from performing acts which could be lawfully performed by a non-attorney. We quoted from the case of *State v. Butterfield,* 172 Neb. 645, 111 N.W.2d 543, 546–47 (1961), as follows:

It is the contention of respondent that these services were performed in his capacity as a licensed real estate broker, notary public, abstracter, and loan agent. It is not necessary for us to determine in this case if and under

what circumstances others might perform such services, although not admitted to the bar.... A suspended lawyer will not be heard to say that services recognized as within the practice of law were performed in some other capacity when he is called to account.

*See also* Alaska Bar Rule 15(b)(2), which provides that a suspended attorney "may represent another to the extent that a layperson would be allowed to do so," only when the attorney's suspension arises solely from the non-payment of fees.

Alaska Bar Association have been rejected, his fundamental right to freedom of association under the First Amendment to the United States Constitution has been violated. We reject this argument. Burrell is not forbidden from resigning from the Bar Association. However, in order to accomplish this, Burrell must comply with the requirements set forth in Article II, Section 7 of the By–Laws of the Alaska Bar Association.

For the above reasons, IT IS ORDERED:

1. Burrell's motion to dismiss petition to revoke probation is DENIED.

2. Burrell's probation is REVOKED.

3. The Clerk of Court is directed to schedule a sentencing hearing. At the sentencing hearing, Burrell shall have the right to allocution. Prior to the sentencing hearing, he may file a proposed plan for community work service to be performed by him, which may be wholly or partially in lieu of incarceration.

Entered by direction of the court at Anchorage, Alaska on October 14th, 1994.