IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF DISCIPLINE OF MARTIN G. CROWLEY, BAR NO. 3049. | No. 64457 |
| IN THE MATTER OF DISCIPLINE OF MARTIN G. CROWLEY, BAR NO. 3049. | No. 68200 |

**FILED**

MAY 09 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF PUBLIC REPRIMAND*

Docket No. 68200 is a review of a Northern Nevada Disciplinary Board hearing panel's recommendation that this court hold suspended attorney Martin Crowley in contempt for violating the order suspending him from the practice of law. *See In re Discipline of Crowley,* Docket No. 59895 (Order of Suspension, July 22, 2013).[1]

The panel determined that Crowley violated the suspension order by (1) failing to timely pay the costs of the prior disciplinary proceeding, (2) failing to meet the notice requirements of SCR 115, and (3) continuing to practice law after his suspension. The panel concluded that in so doing, Crowley violated SCR 102.5 (aggravation and mitigation), SCR 115 (notice of change in license status; winding down of practice); RPC 3.4(c) (fairness to opposing party and counsel: knowingly disobey an

---

[1]Docket No. 64457 consists of Crowley's motion to stay the order suspending him from the practice of law. No good cause appearing, we deny the motion, and Docket No. 64457 is now closed.

16-14361

obligation under the rules of a tribunal); RPC 5.5(a) (unauthorized practice of law); and RPC 8.4 (misconduct). The panel recommended that this court issue an order finding Crowley in contempt and directing him to pay the costs of this disciplinary proceeding.

We employ a deferential standard of review with respect to the hearing panel's findings of fact, SCR 105(3)(b), and thus, will not set them aside unless they are clearly erroneous or not supported by substantial evidence, *see generally Sowers v. Forest Hills Subdivision*, 129 Nev., Adv. Op. 9, 294 P.3d 427, 432 (2013); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009). In contrast, we review de novo a disciplinary panel's conclusions of law and recommended discipline. SCR 105(3)(b); *In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992).

While he argues that his actions were justified or mitigated, Crowley admits, and the record supports, that he violated the suspension order by (1) failing to pay the costs of the prior disciplinary proceeding, (2) failing to comply with the notice requirements of SCR 115, and (3) by practicing law in signing a demand letter in personal injury case several weeks after he was suspended.

Crowley denies that his other actions as determined by the disciplinary panel were improper. We conclude that, in addition to signing the demand letter in the personal injury case after he was suspended, Crowley's actions in meeting with a client to review a trust document and writing a letter regarding his conclusions based on that review also constituted the practice of law in violation of the suspension order. *See In re Discipline of Lerner*, 124 Nev. 1232, 1241-42, 197 P.3d 1067, 1074 (2008) (application of law to facts and "advising a client about his or her legal rights and recommending future actions" constitutes practice of law);

*In re Burrell*, 882 P.2d 1257, 1260 (Alaska 1994) (writing the "type of letter an attorney would write on a client's behalf" constitutes the practice of law); *In re Jones*, 241 P.3d 90 (Kan. 2010) (while an attorney who has been suspended from the practice of law is permitted to work as a paralegal or similar for a licensed attorney, the suspended lawyer's functions must be limited exclusively to work of a preparatory nature under the supervision of the licensed attorney and must not involve client contact); *State v Schumacher*, 519 P.2d 1116 (Kan. 1974) (along with numerous other violations, preparing correspondence concerning legal matters while suspended supported holding attorney in contempt for violating prior disciplinary order); *Attorney Grievance Comm'n v. Brennan*, 714 A.2d 157 (Md. 1998) (in context of reviewing licensed attorney's conduct in assisting with the unauthorized practice of law, court determined that a suspended attorney engaged in the practice of law when he failed to disclose to clients during meeting to discuss representation in a matter that he was suspended and accepted fee from them, even though his further involvement was limited to nonlegal work).[2]

The purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988). In determining appropriate attorney discipline, this court considers four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. at

---

[2]Substantial evidence does not support that the other actions identified by the panel constitute sanctionable violations of the suspension order.

1246, 197 P.3d at 1077. We conclude that contempt is not the appropriate remedy here and therefore decline the panel's recommendation that we issue an order finding Crowley in contempt; however, we also conclude that discipline is warranted for Crowley's violations of the suspension order. Considering the relevant factors, we conclude that a public reprimand is the appropriate discipline. *See* ABA Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules & Standards,* Standard 8.3(a) (2015) (indicating that a public "[r]eprimand is generally appropriate when a lawyer negligently violates the terms of a prior disciplinary order and such violation causes injury or potential injury to a client, the public, the legal system, or the profession").

Accordingly, we hereby publicly reprimand Martin Crowley for violating the suspension order as described above. We admonish Crowley that further instances of practicing law while suspended may result in additional, harsher discipline, including disbarment. *See id.* Standard 8.1(a) (providing for disbarment when a previously disciplined lawyer intentionally or knowingly violates the terms of a disciplinary order, causing injury to a client, the public, legal system, or the profession).

Finally, Crowley shall pay the costs of the disciplinary proceeding in Docket No. 68022 prior to applying for reinstatement.[3]

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.      _____, J.
Hardesty                          Cherry

_____, J.      _____, J.
Gibbons                           Pickering

DOUGLAS, J., with whom SAITTA, J., agrees dissenting:

I dissent, as I do not believe that a public reprimand is an adequate sanction for Crowley's violations of the suspension order.

_____, J.
Douglas

I concur:

_____, J.
Saitta

---

[3]This is in addition to the conditions set forth in the suspension order in Docket No. 59895.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Chair, Northern Nevada Disciplinary Board
Martin G. Crowley
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court