PRIOR LAKE STATE BANK, BY E. N. BARSNESS,
v. ROBERT LEO MAHONEY AND OTHERS.

216 N. W. 2d 681.

March 1, 1974—No. 44074.

Robert Leo Mahoney, pro se, for appellant.
Frank Muelken, for respondent.

Heard before Knutson, C. J., and Peterson, Todd, and Yetka, JJ., and considered and decided by the court.

PER CURIAM.

The issues in this case arise out of an action by Prior Lake State Bank to quiet title to land in Scott County, Minnesota,[1] following foreclosure of a mortgage given by defendant to plaintiff and the expiration of the period of redemption. The mortgage was made in January 1966; foreclosure by advertisement was initiated on January 5, 1970; plaintiff bid in the property at the sheriff's sale on February 20, 1970; and the action to quiet title was initiated by service upon defendant on August 24, 1971. Judgment was entered decreeing that plaintiff was the owner in fee simple of the described lands as against this defendant and all others named in the summons. Defendant appeals from the order denying his various post-trial motions.

Defendant contends, as principal issues, that the presiding district court judge should have disqualified himself for cause or, in any event, in response to an affidavit of prejudice filed against him 2 days in ad-

---

[1] The legal description of the land is as follows: "The West One-Half of Northeast Quarter (W 1/2 of NE 1/4), Section Nine (9), Township One Hundred Fourteen (114), Range Twenty-one (21), Scott County and the Southeast Quarter of Northwest Quarter (SE 1/4 of NW 1/4), Section Nine (9), Township One Hundred Fourteen (114), Range Twenty-one (21), Scott County, Minnesota."

vance of the date set for trial. There is no merit to these contentions. No actual cause for disqualification within the meaning of Rule 63.02, Rules of Civil Procedure, was shown. The affidavit of prejudice was not timely filed in this multi-judge district as required by Rule 63.03. The clerk of district court had mailed notice dated March 22, 1972, advising that trial was scheduled for April 19, 1972, in Scott County Court House, the Honorable John M. Fitzgerald presiding. The affidavit of prejudice against Judge Fitzgerald was not filed until April 17, 1972.

Defendant's claim of right to be represented at trial by Jerome Daly, a disbarred lawyer, pursuant to power of attorney is frivolous. The alternative claim of Mr. Daly to appear himself as a party defendant, based upon his unauthenticated assertion of an interest in the land, is likewise without merit.

The judgment for plaintiff in its action to quiet title was sustained on the merits. No irregularity in the foreclosure proceedings was established and, in any event, the claimed irregularity, asserted only after the expiration of the period of redemption,[2] constituted an impermis-

---

[2] The regrettable failure of defendant to make payments upon his mortgage debt is apparently explained in this "Notice to the Public" filed by defendant with the register of deeds, Scott County, at 8:30 a.m. on February 20, 1970, the day of the foreclosure sale: "Notice is hereby given that the certain Notice of Mortgage Foreclosure Sale and the proceedings instituted are not had pursuant to the Constitutional Law of the United States and the State of Minnesota and that said Note is void and the Mortgagee given to secure the Note is void because of failure of a Lawful Consideration in that the Activities of the Prior Lake State Bank as Mortgagee in creating credit on its books is not authorized by law, Constitutional, Statutory, or Otherwise.

"Therefore, the Prior Lake State Bank has no right, title lien in or interest in and to [the property described in footnote 1]."

The foregoing notice contained the following attribution of draftsmanship: "Drawed by Robert Leo Mahoney, Prior Lake, Minnesota, and Jerome Daly, Savage, Minnesota, Lawyer for Robert Leo Mahoney."

A simiar claim that a personal property mortgage was void was asserted in Koll v. Wayzata Bank, 397 F. 2d 124, 125 (8 Cir. 1968), where the court spoke of the suit as being part of the "unreachable quest" of Mr. Daly, as the mortgagor's attorney, to have the federal reserve and monetary system of the United States declared to be unconstitutional. Another attack on the system, asserted by Mr. Daly in United States v. Daly, 481 F. 2d 28, 30 (8 Cir. 1973), was summarily dismissed as "clearly frivolous."

sible collateral attack. See, Fidelity & Deposit Co. of Maryland v. Riopelle, 298 Minn. 417, 216 N. W. 2d 674 (1974).

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.