In re the CONSERVATORSHIP OF Joanne Marie RIEBEL.

No. CX–01–53.

Supreme Court of Minnesota.

May 1, 2001.

ORDER

A petition has been filed seeking review of the February 20, 2001, order of the court of appeals dismissing the appeal in the above-referenced case. Also filed with

the petition was a document entitled Notice of Appeal to Supreme Court. Both the petition and the notice of appeal purport to be brought by Joanne Marie Riebel, but are signed only by Darlene C. Sammarco, who is not a lawyer. The notice of appeal states that "Sammarco has valid Durable Power of Attorney and Health Care Proxy dated October 31, 1996, which allows Sammarco to act on behalf of her daughter [Riebel] in legal matters."

The appeal papers filed with the court of appeals were similarly signed only by Sammarco, and as a result, by order dated January 19, 2001, the court of appeals determined that it would treat the appeal as one on behalf of Sammarco, rather than Riebel. Sammarco then filed papers insisting that the appeal was filed on behalf of Riebel. By order dated February 20, 2001, the court dismissed the appeal as untimely and for failure to pay the required filing fee. The petition for review to this court followed.

By order dated March 7, 2001, we required petitioner to file an informal legal memorandum (1) stating whether the petition was filed on behalf of Joanne Marie Riebel or Darlene C. Sammarco, and (2) if the petition was filed on behalf of Riebel and assuming the asserted power of attorney to be valid, addressing whether a power of attorney authorizes a nonlawyer attorney-in-fact to represent the principal in

court proceedings in light of this court's ruling in *Prior Lake State Bank v. Mahoney*, 298 Minn. 567, 216 N.W.2d 681 (1974), and the provisions of Minn.Stat. §§ 481.02 and 523.24 (2000).

■ Darlene Sammarco filed a memorandum asserting that the petition was filed on behalf of Riebel and that the October 31, 1996 power of attorney authorizes her to litigate claims on behalf of her daughter. She also argues that she is authorized by Minn.Stat. § 501B.81, subd. 25 as a trustee of Riebel's estate and an irrevocable "special needs trust" to prosecute or defend actions, claims, or proceedings for the protection of the trust and other assets.[1] The court-appointed conservator for Riebel filed a responsive memorandum asserting that the power of attorney is invalid and that in any event, it does not authorize Sammarco to represent Riebel in court proceedings.[2]

■ For the protection of the public, this court limits the practice of law to licensed attorneys. *E.g.*, *Gardner v. Conway*, 234 Minn. 468, 477, 48 N.W.2d 788, 794 (1951). The legislature has also prohibited the unauthorized practice of law. Minn.Stat. § 481.02.[3] Although a person who is not a licensed attorney may represent themselves in court, they may not represent others. Minn.Stat. § 481.02, subd. 1 (2000).[4]

---

1. Presumably Sammarco means Minn.Stat. § 501B.81, subd. 28 (2000), which authorizes the trustee of a trust to "prosecute or defend actions, claims, or proceedings for the protection of trust assets and of the trustee in the performance of duties."

2. For the purposes of this order, we assume, without deciding, that the power of attorney is valid.

3. While the regulation of the practice of law "is peculiarly within the control of the judicial branch of the government," we have rec-

ognized legislative enactments concerning the practice of law as a matter of comity as long as they are reasonable and in harmony with this court's exercise of its authority to regulate the bar. *Cowern v. Nelson*, 207 Minn. 642, 646, 647, 290 N.W. 795, 797 (1940); *see Sharood v. Hatfield*, 296 Minn. 416, 424, 210 N.W.2d 275, 279 (1973).

4. Minnesota Statutes § 481.02, subd. 1 states, in relevant part:

It shall be unlawful for any person * * * except members of the bar of Minnesota admitted and licensed to practice as attor-

The question presented here is whether the power of attorney granted to Sammarco by Riebel authorizes Sammarco, a nonlawyer, to sign pleadings on behalf of Riebel and appear for her in court proceedings. In *Prior Lake State Bank v. Mahoney,* we rejected a defendant's claim that the execution of a power of attorney was sufficient to authorize a disbarred attorney to represent the defendant at trial. 298 Minn. at 568, 216 N.W.2d at 682. Albeit without any discussion, we characterized that claim as frivolous. *Id.* We find no more merit in Sammarco's similar argument and discern no basis on which to distinguish *Prior Lake State Bank.* It matters not that the attorney-in-fact in *Prior Lake State Bank* was a disbarred attorney. In terms of authority to practice law, a disbarred attorney stands in the same shoes as someone who was never licensed to practice law.

The scope of authority conferred on an attorney-in-fact by the execution of a power of attorney is defined by statute. *See* Minn.Stat. § 523.24. Regarding claims and litigation, the statute provides that a power of attorney authorizes the attorney-in-fact "to assert and prosecute before any court * * * any cause of action, claim, counterclaim, offset, or defense, which the principal has." *Id.,* subd. 10(1). With respect to various types of other transactions, the statute provides that the principal authorizes the attorney-in-fact "to prosecute, defend, submit to arbitration, settle, and propose or accept a compromise with respect to, any claim existing in favor of, or against, the principal." *E.g., id.,* subds. 2(8), 6(11). The language of these provisions of the power of attorney statute is similar to that used in the trust statute on which Sammarco relies, Minn.Stat. § 501B.81, subd. 28.

We do not construe the authorizations in section 523.24 for an attorney-in-fact to assert and prosecute claims to empower the attorney-in-fact to appear as the attorney-at-law in asserting and prosecuting those claims. So construed, the power of attorney statute would allow anyone to authorize another person, regardless of their qualifications, to practice law on their behalf, providing a very easy means of circumventing the prohibition against the unauthorized practice of law in Minn.Stat. § 481.02. We will not construe a statute in a way that creates such an absurd result. *See* Minn.Stat. § 645.17(1) (2000). More importantly, even if intended by the legislature, such a construction of the statute would undermine this court's exclusive authority to regulate the practice of law and would violate the doctrine of separation of powers. We are constrained to interpret statutes to preserve their constitutionality. *See* Minn.Stat. § 645.17(3) (2000). Therefore, we do not interpret the relevant provisions of section 523.24 to mean that a power of attorney authorizes an attorney-in-fact to practice law. For the same reasons, Minn.Stat. § 501B.81, subd. 28 does not authorize a nonattorney trustee to practice law.

The more reasonable interpretation of the statutory language is that a power of attorney authorizes the attorney-in-fact to act on behalf of the principal as the client in an attorney-client relationship. *Accord Christiansen v. Melinda,* 857 P.2d 345, 349 (Alaska 1993). That is, the attorney-in-fact may make decisions concerning litigation for the principal, but a nonlawyer attorney-in-fact is not authorized to act as an attorney to implement those decisions. Consistent with this reading, Minn.Stat. § 523.24, subd. 10(8) (2000) authorizes an

neys at law, to appear as an attorney or counselor at law in any action or proceeding in any court in this state to maintain, conduct, or defend the same, except personally as a party thereto in other than a representative capacity * * *.

attorney-in-fact to hire an attorney-at-law to act on behalf of the principal.[5]

Our conclusion that a power of attorney does not authorize a nonlawyer to practice law is consistent with the statutory language, our ruling in *Prior Lake State Bank*, and our inherent power to regulate the practice of law for the protection of the public. It is also consistent with the rulings of numerous other states that have addressed the issue, each of which has held that a power of attorney does not authorize a nonlawyer to practice law on behalf of the principal. *Christiansen*, 857 P.2d at 349; *Drake v. Superior Court*, 21 Cal.App.4th 1826, 26 Cal.Rptr.2d 829 (1994); *Haynes v. Jackson*, 744 A.2d 1050 (Me.2000); *Risbeck v. Bond*, 885 S.W.2d 749 (Mo.Ct.App.1994); *Estate of Friedman*, 126 Misc.2d 344, 482 N.Y.S.2d 686 (N.Y. Sur. Ct.1984); *Office of Disciplinary Counsel v. Coleman*, 88 Ohio St.3d 155, 724 N.E.2d 402 (2000); *Kohlman v. W. Pa. Hosp.*, 438 Pa.Super. 352, 652 A.2d 849 (1994).

Accordingly, we hold that Darlene Sammarco, a nonlawyer, is not authorized to litigate this matter on behalf of Joanne Marie Reibel. The petition will therefore be dismissed.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the petition for further review of Joanne Marie Reibel be, and the same is, dismissed.

BY THE COURT
Kathleen A. Blatz
Chief Justice

---

5. We also note the distinction between the general language used in most of the subdivisions of section 523.24 to include the authority to prosecute and defend claims and the more specific language used in relation to bankruptcy and insolvency proceedings where the legislature empowers an attorney-in-fact to *"appear for, represent, and act for* the principal." *Id.*, subd. 10(7) (emphasis added). While we reach no conclusion about the scope of the authority granted in subdivision 10(7), it seems unlikely the legislature meant to convey authority to appear and represent the principal in other types of proceedings for which it did not use such express language.