In the Matter of Jesse H. EVJEN, Applicant,

and

Flatwater Fleet, Inc., Petitioner,

Commissioner of Economic Security, Respondent.

No. C0–02–1240.

Court of Appeals of Minnesota.

Nov. 19, 2002.

Les Evjen, Saginaw, MN, pro se applicant.

Flatwater Fleet, Inc., Saginaw, MN, petitioner.

Linda A. Holmes, Department of Economic Security, St. Paul, MN.

Considered at Special Term and decided by RANDALL, Presiding Judge, HALBROOKS, Judge, and HUDSON, Judge.

## SPECIAL TERM OPINION

RANDALL, Judge.

### FACTS

Jesse H. Evjen established a benefit account with the Minnesota Department of Economic Security. On June 24, 2002, the representative of the Commissioner of

Economic Security issued a decision stating that the wage credits earned by Jesse H. Evjen may not be used for benefit purposes until after he has collected four times his weekly benefit amount. The basis for the ruling is that Jesse H. Evjen, together with his parents, has an ownership interest of 25% or more in the employer, Flatwater Fleet, Inc.

On July 24, 2002, a petition was filed with the clerk of the appellate courts for a writ of certiorari to review the June 24 decision. The petition is signed by Les Evjen, father of Jesse H. Evjen and president of Flatwater Fleet. Jesse H. Evjen did not sign the petition. No proposed writ of certiorari was filed with the petition, and the clerk of the appellate courts did not issue a writ.

Because Les Evjen is not a licensed attorney, this court questioned whether he is authorized to file a certiorari appeal on behalf of either Jesse H. Evjen or Flatwater Fleet. The commissioner submitted a memorandum, and Les Evjen and Jesse H. Evjen submitted a joint memorandum. On August 8, Les Evjen and Jesse H. Evjen served and filed a new petition for a writ of certiorari that is signed by both Les Evjen and Jesse H. Evjen.

### DECISION

■ Unemployed individuals who meet the statutory requirements are entitled to receive unemployment benefits. Minn. Stat. § 268.069, subd. 1 (2000). The statute sets out an administrative procedure for appeal by an aggrieved applicant or employer of the commissioner's original determination regarding disqualification or eligibility for benefits. If the commissioner's original determination is timely appealed, a de novo evidentiary hearing is held before an unemployment law judge. Minn.Stat. § 268.105, subd. 1 (2000). The unemployment law judge's decision may be

appealed for de novo review by the commissioner or an authorized representative. *Id.,* subd. 2. In the proceedings before the unemployment law judge and the appeal to the commissioner, the applicant or involved employer may be represented by any agent. *Id.,* subd. 6.

An aggrieved applicant or employer may obtain judicial review of the commissioner's decision by filing a petition for a writ of certiorari with the court of appeals and serving a copy of the petition upon the commissioner and any other involved party. *Id.,* subd. 7(a) (Supp.2001). The petition for the writ must be filed and served within 30 calendar days after the mailing of the commissioner's decision. *Id.* Three days are added to the statutory period to allow for mailing of the commissioner's decision. *Kenzie v. Dalco Corp.,* 309 Minn. 495, 497, 245 N.W.2d 207, 208 (1976). The appeal period in this case expired on Monday, July 29, which was 33 days after the commissioner's decision was mailed on June 24. *See* Minn. R. Civ.App. P. 126.01 (incorporating Minn. R. Civ. P. 6.01).

■ Although an applicant or employer may be represented by any agent in the administrative proceedings, certiorari review of the commissioner's decision is a proceeding in a court of law. It is unlawful for any person, except members of the bar of Minnesota admitted and licensed to practice as attorneys at law, to appear as an attorney in any action or proceeding in any court in this state, in other than a representative capacity, except personally as a party. Minn.Stat. § 481.02, subd. 1 (2000). The legislature is authorized to determine who may or may not be prosecuted for the unauthorized practice of law, but the power to determine who may properly practice law before the courts of this state is vested solely in the judiciary. *Nicollet Restoration, Inc. v. Turnham,* 486 N.W.2d 753, 755 (Minn.1992). For the

protection of the public, our supreme court limits the practice of law to licensed attorneys. *In re Conservatorship of Riebel,* 625 N.W.2d 480, 481 (Minn.2001).

As a nonlawyer, Les Evjen is not entitled to file a certiorari appeal on behalf of either Jesse H. Evjen or Flatwater Fleet, Inc. *See id.* at 483 (holding that a power of attorney does not authorize a nonlawyer to practice law on behalf of the principal); *Turnham,* 486 N.W.2d at 754 (holding that a corporation may not make an appearance in district court unless it is represented by counsel). Therefore, the filing and service of the petition for the writ of certiorari that was signed only by Les Evjen did not invoke this court's jurisdiction.

Jesse H. Evjen signed a new petition for a writ of certiorari that was filed and served on August 8. This petition does not authorize certiorari review, because it was not filed and served until after the appeal period expired. *See* Minn. R. Civ.App. P. 126.02 (providing that appellate court may not extend time prescribed by law for securing review of administrative agency decision); *Harms v. Oak Meadows,* 619 N.W.2d 201, 203 (Minn.2000) (holding that appellate review of commissioner's decision is allowed only if petition for writ is timely served on proper parties). Because the petition signed by Les Evjen was unauthorized and the petition signed by Jesse H. Evjen was not timely served and filed, we must dismiss this appeal.

**Writ of certiorari discharged and appeal dismissed.**