STATE of Minnesota, Respondent,

v.

Lance Gerald MILLIMAN, Appellant.

No. A10–1388.

Court of Appeals of Minnesota.

July 25, 2011.

Lori Swanson, Attorney General, St. Paul, MN; and Stephanie L. Beckman, Meeker County Attorney, Rick F. Lanners, Assistant County Attorney, Litchfield, MN, for respondent.

Lance Gerald Milliman, Eden Valley, MN, pro se appellant.

Considered and decided by JOHNSON, Chief Judge; WORKE, Judge; and ROSS, Judge.

## OPINION

JOHNSON, Chief Judge.

Lance Gerald Milliman was found guilty after a bench trial of the petty misdemeanor offense of engaging in the unauthorized practice of law. The conviction is based on stipulated evidence that Milliman executed on a civil judgment, on behalf of a judgment creditor, by levying on a judgment debtor's earnings. On appeal, Milliman argues that he was authorized to perform the procedure because the levy statute permits an "attorney" to perform it and because the judgment creditor appointed him attorney-in-fact. We conclude that the levy statute refers to an attorney-at-law, not an attorney-in-fact, so that only an attorney-at-law may utilize the statutory procedure to levy on a judgment debtor's earnings. Therefore, we affirm.

## FACTS

In May 2007, James Getzkow and his wife obtained a judgment of approximately $8,000 against two individuals. Getzkow obtained Milliman's agreement to help him collect on the judgment. In April 2008, Getzkow executed a power-of-attorney form to appoint Milliman to be his attorney-in-fact. Milliman is not licensed to practice law in the state of Minnesota.

In July 2008, Milliman served the employer of one of the judgment debtors with a document entitled "Notice of Levy on Earnings and Disclosure." The notice was consistent in form with the requirements of sections 551.04 and 551.06 of the Minnesota Statutes except that Milliman is described in the notice as Getzkow's "attorney in fact." The levy papers informed the judgment debtor's employer of the unpaid judgment and demanded that the employer withhold a portion of the judgment debtor's earnings and deliver the withheld amount to Milliman. The employer did so.

In October 2009, the state charged Milliman in Meeker County with the petty misdemeanor offense of the unauthorized practice of law, a violation of Minn.Stat. § 481.02, subd. 1 (2006). A one-day bench trial was held in July 2010 based on stipulated facts. In August 2010, the district court found Milliman guilty. The district court imposed a fine of $100. Milliman appeals.

## ISSUE

Did Milliman engage in the unauthorized practice of law, a violation of section 481.02, subdivision 1, of the Minnesota Statutes, by levying on the income of a judgment debtor pursuant to a power of attorney granted by a judgment creditor?

## ANALYSIS

■ Milliman argues that the evidence is insufficient to support his conviction. Milliman cannot challenge the district court's findings of the historical facts, which consist entirely of the parties' stipulated evidence. Rather, Milliman challenges the district court's interpretation of the statute that prohibits the unauthorized practice of law. On established facts, a district court's interpretation and application of a statute is a question of law, which is subject to a *de novo* standard of review. *State v. Carufel,* 783 N.W.2d 539, 542

(Minn.2010); *State v. Murphy,* 545 N.W.2d 909, 914 (Minn.1996); *State v. Marinaro,* 768 N.W.2d 393, 397 (Minn.App.2009), *review denied* (Minn. Sept. 29, 2009).

The offense of which Milliman was convicted is set forth in the following statute:

It shall be unlawful for any person or association of persons, except members of the bar of Minnesota admitted and licensed to practice as attorneys at law, to appear as attorney or counselor at law in any action or proceeding in any court in this state to maintain, conduct, or defend the same, except personally as a party thereto in other than a representative capacity, or, by word, sign, letter, or advertisement, to hold out as competent or qualified to give legal advice or counsel, or *to prepare legal documents,* or as being engaged in advising or counseling in law or acting as attorney or counselor at law, or in furnishing to others the services of a lawyer or lawyers, or, for a fee or any consideration, to give legal advice or counsel, *perform for or furnish to another legal services,* or, for or without a fee or any consideration, to prepare, directly or through another, for another person, firm, or corporation, any will or testamentary disposition or instrument of trust serving purposes similar to those of a will, or, for a fee or any consideration, to prepare for another person, firm, or corporation, any other legal document, except as provided in subdivision 3.

Minn.Stat. § 481.02, subd. 1 (2006) (emphasis added). The statute contains numerous exceptions for certain types of services. *See id.,* subds. 3, 3a, 7. A violation of the statute may be punished as a criminal offense, *id.,* subd. 8(a), enjoined in a civil action by a county attorney or the attorney general, *id.,* subd. 8(b), or enforced in a civil action by a private party pursuant to section 8.31, the so-called "private attorney general" statute, *id.,* subd. 8(c). Although the regulation of the practice of law is exclusively within the control of the judicial branch, the supreme court has recognized legislative enactments such as section 481.02, subdivision 1, "as a matter of comity as long as they are reasonable and in harmony with [its] exercise of its authority to regulate the bar." *In re Conservatorship of Riebel,* 625 N.W.2d 480, 481 n. 3 (Minn.2001); *see also Cowern v. Nelson,* 207 Minn. 642, 647, 290 N.W. 795, 797 (1940) ("accept[ing] the legislative declaration of policy" concerning unauthorized practice of law as matter of comity).

In this case, the district court concluded that Milliman engaged in the unauthorized practice of law because he "prepare[d] legal documents" and "perform[ed] for or furnish[ed] to another legal services." *See* Minn.Stat. § 481.02, subd. 1. The district court reasoned that Milliman prepared the notice required by chapter 551 of the Minnesota Statutes and performed a service for Getzkow by serving the notice on the judgment debtor's employer. The district court considered Milliman's contention that the statute authorizing the procedure permits "[a]n attorney for a judgment creditor" to execute a judgment by levying on indebtedness owed by the judgment debtor to a third party, *see* Minn.Stat. § 551.01 (2006), and that he was so authorized because Getzkow had appointed him to be his attorney-in-fact. The district court rejected this argument on the ground that the term "attorney," as used in section 551.01, refers only to an attorney-at-law, not to an attorney-in-fact.

On appeal, Milliman reiterates the argument that he was authorized by section 551.01 and by Getzkow's execution of a power of attorney to serve the levy papers on the judgment debtor's employer. The argument necessarily hinges on the

meaning of the word "attorney," as used in section 551.01. "The objective of all statutory interpretation is 'to give effect to the intention of the legislature in drafting the statute.'" *State v. Thompson*, 754 N.W.2d 352, 355 (Minn.2008) (quoting *State v. Iverson*, 664 N.W.2d 346, 350 (Minn.2003)). "The principal method of determining the legislature's intent is to rely on the plain meaning of the statute." *Id.* To identify the plain meaning of a particular word used in a statute, it is appropriate to refer first to the common usage of the word. *See Gassler v. State*, 787 N.W.2d 575, 586 n. 11 (Minn.2010); *Swanson v. Brewster*, 784 N.W.2d 264, 274 (Minn.2010); *In re Phillips' Trust*, 252 Minn. 301, 306, 90 N.W.2d 522, 527 (1958). Furthermore, it is appropriate to refer to the common usage of the word at the time that the statute was enacted. *See Utah v. Evans*, 536 U.S. 452, 475–76, 122 S.Ct. 2191, 2205, 153 L.Ed.2d 453 (2002).

Milliman's argument relies on the historical definition of the word "attorney," one sense of which is simply that of a "deputy or agent" or "[o]ne who is legally appointed by another to transact any business for him." *Webster's New International Dictionary* 179 (2d ed.1946); *see also The American Heritage Dictionary* 89 (3d ed. 1997) ("A person legally appointed by another to act as an agent in the transaction of business, esp. one licensed to act in legal proceedings."). But this sense of the word "attorney" has long since faded from common usage. A leading legal dictionary indicates that the use of the word "attorney" to refer to someone who is not a lawyer was archaic by not later than the mid–18th century. *See* Bryan A. Garner, *A Dictionary of Modern Legal Usage* 90 (2d ed.1995) (citing Samuel Johnson, *A Dictionary of the English Language* (1755)). The statute on which Milliman relies is relatively recent, having been enacted in 1990. *See* 1990 Minn. Laws ch. 606, art. 2,

at 2674–2704. At the time of the enactment of section 551.01, the common meaning of the word "attorney" was a lawyer who is licensed to practice law: "In its most common usage, ... unless a contrary meaning is clearly intended, this term means "attorney at law," "lawyer," or "counselor at law." *Black's Law Dictionary* 117–18 (5th ed.1979); *see also The Random House Dictionary of the English Language* 134 (2d ed.1987) (stating primary definition as "lawyer; attorney-at-law").

■ Furthermore, the common usage of the word "attorney" in 1990 is consistent with the contemporaneous judicial usage of the word. *See Utah*, 536 U.S. at 476, 122 S.Ct. at 2205–06. We are unable to find any judicial opinions of that vintage in which the word "attorney" is used to refer to, or to include, a person who is an attorney-in-fact. When the Minnesota appellate courts referred to a person with authority pursuant to a power of attorney, those courts did so by using the term "attorney-in-fact," thereby making clear the distinction between an attorney-in-fact and an attorney-at-law. *See In re Disciplinary Action Against Larsen*, 459 N.W.2d 115, 116 (Minn.1990); *Brecht v. Schramm*, 266 N.W.2d 514, 518 (Minn. 1978); *Matter of Boss*, 487 N.W.2d 256, 258 (Minn.App.1992), *review denied* (Minn. Aug. 11, 1992). The legislature is presumed to be aware of the existing caselaw when enacting legislation. *Goodyear Tire & Rubber Co. v. Dynamic Air, Inc.*, 702 N.W.2d 237, 244 (Minn.2005); *State v. Fleming*, 724 N.W.2d 537, 540 (Minn.App. 2006).

Moreover, the common usage and judicial usage of the word "attorney" is consistent with the legislature's use of the terms "attorney" and "attorney-in-fact" in other statutes. The legislature repeatedly has

used the term "attorney-in-fact" to refer to a person who has authority pursuant to a power of attorney. *See, e.g.,* Minn.Stat. §§ 43A.183, subd. 4, 48A.07, subd. 2(d), 144.6501, subd. 1(c), 507.02, .071, subd. 7 (2010); *see generally* Minn.Stat. §§ 523.01 to .25 (2010). In doing so, the legislature has indicated that when it uses only the word "attorney," it intends to refer to a person who is licensed to practice law.

Thus, in the modern era, the word "attorney" does not refer to a person who is not a lawyer, unless the term "attorney-in-fact" is used to indicate explicitly the distinction between an attorney-in-fact and an attorney-at-law. When the legislature drafted and approved the bill that became section 551.01, the legislature surely intended the word "attorney" to mean an attorney-at-law, not an attorney-in-fact. Accordingly, the unambiguous meaning of the word "attorney," as used in section 551.01, is an attorney-at-law, *i.e.,* a lawyer who is licensed to practice law. Furthermore, it is well established that a principal of an agent cannot, by executing a power of attorney, authorize the agent to practice law if the agent is not an attorney-at-law. *Riebel,* 625 N.W.2d at 482. Therefore, the services that Milliman provided to Getzkow constitute the unauthorized practice of law, in violation of section 481.02, subdivision 1.

We note that the supreme court sometimes has applied a three-factor test to determine whether a person who is not licensed to practice law has engaged in the unauthorized practice of law: "The law practice franchise or privilege is based upon the threefold requirements of *ability, character,* and *responsible supervision.*" *Gardner v. Conway,* 234 Minn. 468, 478, 48 N.W.2d 788, 795 (1951) (emphasis in original). And in some situations, if a person who is not a licensed lawyer primarily performs tasks that are non-legal in nature but incidentally performs tasks that are arguably legal in nature, the supreme court has inquired whether the incidental services involve difficult or doubtful legal questions that demand the application of a legal mind. *See id.* at 479–81, 48 N.W.2d at 795–97. These tests are based on the supreme court's "abiding concern for the public interest in determining whether certain conduct constitutes the unauthorized practice of law." *Cardinal v. Merrill Lynch Realty/Burnet, Inc.,* 433 N.W.2d 864, 868 (Minn.1988). But these inquiries are unnecessary in this case because we are guided by the plain language of section 551.01. The legislature has determined that the summary execution of a judgment by serving a levy notice on the employer of a judgment debtor is, as a matter of law, a procedure that may be performed only by an attorney-at-law.

## DECISION

The word "attorney," as used in section 551.01, means an attorney-at-law, *i.e.,* a lawyer who is licensed to practice law. The services that Milliman provided to Getzkow constitute the unauthorized practice of law, a violation of section 481.02, subdivision 1. Thus, the stipulated evidence is sufficient to support the district court's findings and its conclusion that Milliman is guilty of the offense charged.

**Affirmed.**