*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1443**

Craig L. Anderson, Successor Personal Representative
and Sole Beneficiary of the
Leslie R. Anderson and Donna Mae Anderson
Revocable Living Trust, on behalf of:
The Estate of Leslie R. Anderson,
Appellant,

vs.

Hans Carlson, et al.,
Respondents,

Joel Krekelberg,
Respondent,

Scott Vance,
Respondent.

**Filed February 29, 2016
Appeal dismissed
Larkin, Judge**

Jackson County District Court
File No. 32-CV-15-38

Craig L. Anderson, Lakefield, Minnesota (pro se appellant)

William S. Partridge, Joseph A. Gangi, Farrish Johnson Law Office, Mankato, Minnesota
(for respondents)

Jeffrey L. Flynn, Flynn & Riordan PLLC, Worthington, Minnesota (for respondent
Krekelberg)

Scott Vance, Fairmont, Minnesota (pro se respondent)

Considered and decided by Rodenberg, Presiding Judge; Larkin, Judge; and Hooten, Judge.

## UNPUBLISHED OPINION

**LARKIN**, Judge

Appellant challenges the district court's determination that he is a frivolous litigant under Minn. R. Gen. Pract. 9.06 and its imposition of preconditions under Minn. R. Gen. Pract. 9.01. Because appellant, a nonlawyer, cannot conduct court proceedings on behalf of an estate in his capacity as a personal representative and because appellant does not claim to appear in his individual capacity, we dismiss the appeal.

## FACTS

This case is one of at least five lawsuits initiated by appellant Craig Anderson involving his father's estate and a property that his parents Leslie and Donna Anderson previously owned and occupied in Jackson, Minnesota (Jackson property). The Andersons owned the Jackson property until December 2003, when they transferred it to a revocable living trust by quitclaim deed. In December 2004, appellant was named successor trustee to the trust upon medical certifications that the Andersons could not continue as trustees. In March 2005, appellant, acting as trustee, transferred the Jackson property to himself by trustee's deed. Following an emergency guardianship hearing in July 2005, interested parties agreed that the Andersons would remain under emergency guardianship for 90 days and would move to an assisted living facility.

In October 2005, Cynthia Burrell was appointed guardian and conservator for the Andersons. In January 2006, Burrell filed a complaint against appellant in district court

requesting rescission of the March 2005 deed of the Jackson property and restitution of title of the property to the Andersons. In a subsequent settlement, the parties agreed that appellant would receive $35,000, vacate the Jackson property, and execute and deliver a quitclaim deed for the property to Burrell. Burrell petitioned the district court for an order authorizing a mortgage and sale of the Jackson property to pay appellant and provide for the support and maintenance of the Andersons. Respondents Joel Krekelberg and Vance Scott[1] appraised the property at $100,000 and $99,000, respectively. The appraisals were approximately $22,000 below the Jackson property's assessed tax value and $80,000 below an agreed upon listing price. The district court authorized the sale of the Jackson property, and it later sold for $100,000.

In October 2009, appellant, in both his individual capacity and as trustee, sued Bruce Anderson, Cynthia Burrell, Dan Pike, Levi Hillmer, Angie Hillmer, Terri Whitman, Robert O'Connor, and Raymond Reese in district court, alleging that they conspired to "engage in a systematic abuse of process, tortious coercion, conversion, and bad faith to defraud [appellant] of his rightful and lawful ownership of and/or interest in [the Jackson property]."

---

[1] The case caption in the district court identifies this respondent as "Scott Vance" and that name is used in the caption on appeal. However, the parties' briefs identify this respondent as "Vance Scott." The caption on appeal must match the caption used in the district court's decision, *see* Minn. R. Civ. App. P. 143.01, but we use "Vance Scott" in the body of this opinion.

3

In July 2010, appellant filed a motion seeking reconsideration of orders in a separate bankruptcy case involving the purchasers of the Jackson property. The bankruptcy court denied his motion.

In September 2010, appellant, in both his individual capacity and as the beneficiary of the trust, sued Larry Lucht, Bruce Anderson, Darlene Anderson, and Cynthia Burrell in district court, alleging that they had failed to comply with the settlement agreement in Burrell's action, had wasted his parents' assets, and had acted to defraud him of his rights regarding certain credit card debt and the "homestead." The district court denied appellant's request for in forma pauperis status, finding the action to be frivolous.

In December 2010, the district court granted summary judgment to Bruce Anderson in appellant's 2009 lawsuit, ruling that appellant could not bring the suit in a representative capacity, that he failed to plead fraud with particularity, and that he had no legally recognizable interest in the Jackson property. The claims against the remaining defendants were dismissed later. In February 2011, the district court dismissed appellant's 2010 lawsuit without prejudice after appellant failed to pay the filing fee.

In September 2011, appellant sued Jackson County, Margaret Salzwedal, Terry Whitman, Bruce Anderson, Darlene Anderson, Robert O'Connor, John Morrison, Cynthia Burrell, among others, in federal court, alleging that they had tortiously interfered with his fiduciary duties, falsely arrested him, maliciously prosecuted him, tortiously interfered with his expected economic advantage regarding the Jackson property, maliciously abused process, and that they had done so in violation of federal RICO law. The federal district

4

court dismissed all of appellant's claims on res judicata, statute-of-limitations, and other grounds. The Eighth Circuit affirmed the dismissal.

In September 2014, appellant sued Bruce Anderson, Darlene Anderson, Cynthia Burrell, and Larry Lucht in district court, alleging a conspiracy to defraud, tortious interference with an expected inheritance regarding the Jackson property, negligence, malpractice, coercion, and conversion. The district court dismissed appellant's suit with prejudice, finding that appellant had made the same claim based upon the same factual allegations at least three times without success, that there was no reasonable possibility that he would prevail, and that his intent was to harass the defendants. The district court ordered that appellant must satisfy certain preconditions before filing any new complaints, motions, petitions, or requests against Bruce Anderson, Darlene Anderson, and Cynthia Burrell, including the posting of $50,000 in security.

In March 2015, appellant filed the lawsuit that is the subject of this appeal against respondents Hans Carlson, Costello Carlson & Butzon LLP, Joel Krekelberg, and Vance Scott, alleging fraudulent and negligent misrepresentation, breach of fiduciary duty, conversion, and tortious interference with prospective contractual relations regarding the Jackson property. According to the complaint, appellant brought suit as the "personal representative of decedent and testator, Dr. Leslie R. Anderson, on behalf of plaintiff, Estate of Leslie R. Anderson."

Carlson, Costello Carlson & Butzon LLP, and Krekelberg each moved the district court to deem appellant a frivolous litigant, dismiss the underlying action with prejudice, and impose preconditions that would apply if appellant attempted to initiate any legal

action against any person or entity related to the guardianship and/or conservatorship of Leslie R. Anderson, the disposition of the Jackson property, and the Leslie R. Anderson & Donna Mae Anderson Revocable Living Trust, whether in his individual or representative capacity.

In July 2015, the district court held a hearing and determined that appellant is a frivolous litigant. The district court imposed preconditions upon appellant serving or filing "any complaints, petitions, motions, requests, or similar documents in any legal action" against or involving any person or entity related to the guardianship and/or conservatorship of the estates of Leslie and Donna Anderson, the disposition of the Jackson property, and the Anderson Revocable Living Trust. The preconditions include permission from the court, representation by counsel, and $20,000 in security. The district court also required appellant to furnish $20,000 in security to continue the underlying lawsuit. The district court noted that the preconditions would "apply whether [appellant], or [another] person on his behalf, is serving or filing these documents in an individual capacity, a representative capacity, or in any other form."

In August 2015, appellant attempted to file an Affidavit for Proceeding in Forma Pauperis and a Rule 52 Motion to Amend Findings. The district court returned the documents to appellant because he had not satisfied the July 2015 preconditions. This appeal followed.

## D E C I S I O N

Before we address the merits of appellant's appeal, we consider appellant's status as a pro se litigant and whether this appeal is properly before this court. "Although a person

6

who is not a licensed attorney may represent [himself] in court, [he] may not represent others." *In re Conservatorship of Riebel*, 625 N.W.2d 480, 481 (Minn. 2001). A nonlawyer personal representative of an estate may only conduct court proceedings pro se when the personal representative's actions as personal representative are at issue. *See In re Otterness*, 181 Minn. 254, 258, 232 N.W. 318, 319-20 (1930) (stating that conducting proceedings in probate court "constitutes practice of law" and that as such, "[a]n executor, administrator, or guardian . . . has no right to conduct probate proceedings except in matters where his personal rights as representative are concerned, as for instance where his account as representative is in question, or misconduct is charged against him as representative"). A nonlawyer personal representative may make decisions regarding litigation on behalf of an estate, but the nonlawyer personal representative may not represent the estate in court, because such action would constitute the unlicensed practice of law. *See id.* at 258, 232 N.W. at 319 (holding that conducting proceedings in the probate courts constitutes the practice of law); *cf. Riebel*, 625 N.W.2d at 482 ("[T]he attorney-in-fact may make decisions concerning litigation for the principal, but a nonlawyer attorney-in-fact is not authorized to act as an attorney to implement those decisions.").

The district court's order imposing preconditions under Minn. R. Gen. Pract. 9.01 applies to appellant "in an individual capacity, a representative capacity, or in any other form." Appellant, acting pro se, may challenge the order as it applies to him in his individual capacity. *See Otterness*, 181 Minn. at 258, 232 N.W. at 320. However, appellant may not challenge—pro se—the order as it applies to him in his representative capacity. *See id.*

7

According to appellant's underlying complaint, he brought the lawsuit as the "personal representative of decedent and testator, Dr. Leslie R. Anderson, on behalf of plaintiff, Estate of Leslie R. Anderson, pursuant to Minn. Stat. 524.3-703(c)," which is a provision of the Uniform Probate Code giving personal representatives standing to sue and be sued on behalf of a decedent. *See* Minn. Stat. § 524.3-703(c) (2014). In his briefing to this court, appellant expressly denies that he has appeared or is appearing in his individual capacity, arguing that "[t]his claim and this appeal are in the representative capacity of the decedent's intended personal representative." Given appellant's position on appeal, any challenge to the district court's order as it applies to appellant's individual capacity is waived. *Moore v. Hoff*, 821 N.W.2d 591, 595 n.2 (Minn. App. 2012) ("[I]ssues not briefed on appeal are waived."). And because appellant, a nonlawyer, may not litigate this matter on behalf of the estate of Leslie R. Anderson, we dismiss the appeal. *See Riebel*, 625 N.W.2d at 483 (dismissing petition for further review because nonlawyer attorney-in-fact was not authorized to litigate matter on behalf of principal).

**Appeal dismissed.**